## AETNA LIFE INS. CO. v. SMITH.

(Circuit Court, E. D. North Carolina. April 7, 1896.)

EQUITY PRACTICE—ADEQUATE REMEDY AT LAW—BILL FOR PERPETUATION OF TESTIMONY.

A suit in equity cannot be sustained to cancel an insurance policy, on the ground of fraudulent misrepresentations which would be a defense to a pending action at law on the policy; nor is such a case aided by a demand in the bill for the perpetuation of testimony, since a bill for the latter pur-. pose is multifarious if it also asks for relief.

F. H. Busbee, for complainant.

MacRae & Day and J. C. & S. H. MacRae, for defendant.

SEYMOUR, District Judge. The complainant brings this bill, praying for the cancellation and surrender of a policy of insurance which was issued by it upon the life of one George W. Wightman, now deceased, in favor of his aunt, the defendant, Mary H. Smith; and also for discovery and perpetuation of testimony. The defendant demurs to the bill.

It appears, on the face of the bill, that the complainant has a perfect remedy at law. The ground alleged for canceling the policy is that it was obtained by fraudulent misrepresentations of material facts. These misrepresentations will, if proved in the suit at law brought by the defendant on the policy, and now pending, as is admitted by counsel for complainant, constitute a perfect defense to that action. The judiciary act provides that suits in equity shall not be sustained in the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law. The remedy here is plain, complete, and adequate. Insurance Co. v. Bailey, 13 Wall. 616. But it is contended that a right to the perpetuation of testimony exists, and that that right will aid the defectiveness of complainant's case for relief. All that complainant asks for in regard to the procurement of evidence can be obtained in the suit at law in the state court under section 1357 of the Code of North Carolina. But, independently of that fact, the authorities abundantly sustain the position, taken by defendant's counsel, that a bill for the perpetuation of testimony is multifarious if it also asks for relief. The complainant has no primary equity. Neither has it an equity for the perpetuation of testimony.

The demurrer is sustained, and the bill dismissed, but without prejudice.