## HALLEY v. INGERSOLL, Sheriff.

1. S., a material man, was the owner of, and had filed suits on, four choses in action and mechanics' liens against a railroad company, its contractors and subcontractors, which actions were pending in the federal court. S. was indebted to parties represented by plaintiff largely in excess of the amount of the choses in action, and had assigned them to plaintiff as collateral security for the indebtedness. Other parties had secured judgments against S., and had caused the defendant, as sheriff to levy on the choses in action, and the complaint alleged that he was about to sell the same, which sale would greatly embarrass plaintiff in the collection of the choses in action, and would lead to vexatous delays and a multiplicity of suits, as, even if S. should recover judgment thereon, the railroad company would refuse to pay until it was determined who was entitled to the judgment. *Held,* that a complaint alleging such facts was sufficient to entitle plaintiff to an injunction, since such sale would involve plaintiff in other protracted litigation, and would cause him great difficulty in proving his damages, thereby causing plaintiff irreparable injury without a plain and adequate remedy at law, and hence a demurrer to the complaint was properly overruled.

2. Where a defendant has appeared and demurred to the complaint, and, the demurrer having been overruled, has declined to answer, in the absence of any question as to damages, Comp. Laws, § 5025, providing that, where a defendant has appeared in an action, he shall be entitled to eight days' notice of any application for judgment, does not apply, since the plaintiff was entitled to judgment without further proof.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Pennington county.     HON. LEVI McGEE, Judge.

Injunction by James Halley against John T. Ingersol, as sheriff of Pennington county, S. D., to restrain the sale of certain choses in action. From a judgment for plaintiff defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. K. Gardner,* for Appellant.

An injunction will not be granted when there is an adequate remedy at law. Boyer v. Creigh, 3 Rand. 25; Baker v. Rinehard, 11 W. Va. 238; Crittenden v. Davidson, 20 Jones & S. 421; Lewis v. Levy, 16 Md. 85; Freeland v. McReynolds, 16 Md. 416; Frazer v. White, 49 Md. 1; Stilwell v. Oliver, 35 Ark. 184; Enders v. Loyd. 56 Ga. 547; More v. Ord, 15 Cal. 204; VanNorden v. Morton, 99 U. S. 378; Garston v. Aspin, 1 Madd, 150; Johnson v. Bank, 21 Conn. 148; Henderson v. Bates, 3 Blackf. 460; Bates v. Lane, 44 Cal. 392; Young v. Taylor, 2 Bann. 218; Brandon v. Bush, 32 Ga. 669; Jones v. Crowley, 68 Ga. 175; Leman v. Roberts, 86 N. Y. 232.

*Charles W. Brown* and *Ivan W. Goodner,* for respondent.

When a complaint states facts sufficient to constitute a cause of action, a demurrer thereto is properly overruled. 1 High on Eng. § § 30, 119 and 370; 10 Am. and Eng. Ency law, 877; 3 Pomeroy Eq. Jur. § 1357; Allen v. Winslandly, 34 N. E. 699; Denney v.

Denney, 14 N. E. 593; Ford v. Rigby, 10 Cal. 450; Walson v. Sutherland, 5 Wall. 74; Boyces Exec. v. Grundy, 3 Peters, 210; Sickles v. Combs, 32 N. Y. 181; 2 Freeman executions, § 437.

CORSON, J. This is an appeal from a judgment entered in favor of the plaintiff. The action was one in equity, brought to restrain the defendant, as sheriff of Pennington county, from selling four certain choses in action and mechanics' liens set out in the complaint. The defendant interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, the defendant declining to answer, judgment was entered in favor of the plaintiff.

A motion has been made by the respondent to dismiss the appeal on the ground that before the appeal was taken the defendant's office as sheriff had expired, and he had no longer any interest in the controversy. But, in the view we take of the case, we do not deem it necessary to decide this motion, and shall proceed to discuss the case on its merits.

The two principal questions which we shall consider in this case are (1) whether or not the demurrer should have been overruled, and (2) whether or not a judgment was properly entered on the part of the plaintiff.

It is contended on the part of the appellant that the facts stated in the complaint are insufficient to authorize the court to grant an injunction. The facts alleged in the complaint may be briefly stated as follows: Between May 1, 1890, and March 1, 1891, the Grand Island & Wyoming Central Railroad Company caused to be constructed a certain railroad from Edgemont, in Fall River county, to Deadwood, in Lawrence county; that said railroad company let a contract for the construction of said road to John Fitzgerald & Bro., who sublet contracts for various sections of the road to a number

of parties; that one Thomas Sweeney furnished powder, caps, and other explosives to several of the respective contractors for use in the construction of said sections of the railroad grade through the counties of Pennington and Lawrence; that, such subcontractors failing to pay the amounts due the said Sweeney for such supplies, he brought suit for the amount so due and to enforce liens against the railroad company in the state courts; that said suits were, on motion of the railroad company, transferred to the United States circuit court for the district of South Dakota, where the same were then pending; that these suits—four in number—were for sums aggregating about $25,000; that about the time of the commencement of said actions in the state courts the said Sweeney, being indebted to the plaintiff, one Lake, and the First National Bank of Rapid City, of which the plaintiff was cashier, in a sum exceeding $35,000, assigned and transferred said claim to said Halley as collateral security for the payment of said indebtedness; and that said liens, and the amounts secured thereby, are wholly inadequate and insufficient as security for the payment of said indebtedness, and that, should the full amount claimed in said suit be applied upon the indebtedness so owing by said Sweeney to said Lake and Halley and the First National Bank, there would still remain a balance due them of $10,000 and upward. The plaintiff further alleges that Wells, Rodenfield, Deere, and Velie, co-partners as Deere, Wells & Co., recovered two certain judgments against said Thomas Sweeney, amounting to between four and five thousand dollars, and on the 5th day of June, 1897, caused an execution to be issued upon each of said judgments against the property of said Sweeney, and that the defendant, as sheriff of Pennington county, under and by virtue of said executions levied upon the four choses in action and causes of action above described, together with said Sweeney's right to mechanics

liens therefor, and threatens to sell the same at public auction; that the members of said firm of Deere, Wells & Co., and each of them, are non-residents of the state of South Dakota, and are without the jurisdiction of the courts of this state; that plaintiff claims and is entitled to retain the said mechanics' liens above described, and said accounts thereby secured, in specie, as security for the satisfaction of said indebtedness which said liens were assigned to secure; that the sale of said choses in action and the accounts above described would greatly embarrass the plaintiff in his efforts to realize on said collateral, and would lead to long, vexatious delays in the collection of said liens, and would lead to a multiplicity of legal proceedings; that if the said liens should be reduced to judgment in the circuit courts of the United States in the name of said Sweeney, but for the use and benefit of this plaintiff and the parties for whom he is acting, the said railroad company would refuse to pay said judgments until it should be adjudicated by further action or legal proceedings whether the plaintiff is entitled to have the said moneys due upon said liens, or whether the said firm of Deere, Wells & Co. is entitled to the same; that said threatened sale of said choses in action and said liens would cast a cloud upon the title of this plaintiff thereto; and that for the wrongs thus impending there is no plain, adequate, and speedy remedy at law, and that the injury is and will remain irreparable. Plaintiff, therefore, demanded judgment that the defendant, and all parties acting under him, be enjoined from selling said choses in action and said mechanics' liens and accounts described above.

It is scarcely necessary to state that the demurrer admits the facts stated in the complaint. It is therefore admitted that the four claims of Sweeney against the railroad company and the various contractors were assigned to Halley as security for an indebtedness exceeding the

amount of the claims by more than $10,000. Upon the facts stated
in the complaint this court must presume that the indebtedness of
Sweeney to Lake and Halley and the bank was a bona fide indebted-
ness, and that the assignment of these claims to Halley was made by
Sweeney in good faith to secure that indebtedness. This being so
it is clear that Sweeney had practically no interest in the claims that
could be sold upon execution. The injury, therefore, threatened by
the sale of these claims was clearly calculated to cause irreparable in-
jury to the plaintiff, and an injury for which he would have no ede-
quate remedy at law. As will be seen from the statement of the
case, suits were pending in a circuit court of the United States in
the name of Sweeney to recover of the railroad company, contractors,
and subcontractors the amounts due for the supplies furnished, and
to enforce liens against the railroad company for any judgments that
might be secured. The sale, therefore, of these claims under the
executions issued on the judgments recovered by Deere, Wells & Co.
against Sweeney was calculated to greatly embarrass the plaintiff in
the prosecution of these actions. Had the sale taken place, it would
have been competent for Deere, Wells & Co. to have made motions in
the federal court to be substituted in the place of Sweeney in those
actions. Halley, the plaintiff in this action, would have been neces-
sarily involved in that action in order to protect himself under his
assignment, and, though he might have succeeded in defeating Deere,
Wells & Co. in their efforts to be substituted, he might still find him-
self involved in further litigation with the railroad company, contrac-
tors, and subcontractors for the purpose of determining the legal
right to receive the amount for which judgment might be recoverd.

The case, therefore presents many peculiar features which dis-
tinguish it from any ordinary case where the sheriff is threatening to
sell property under excution. Whether or not courts of equity will

restrain the sale of personal property in ordinary cases the authorities are conflicting, but where, as in the case at bar, the plaintiff would clearly suffer irreparable injury, and might be subjected to protracted litigation and to a multiplicity of suits, and where it is plainly evident from the facts stated that he could have no adequate remedy at law by reason of the difficulty of proving his damages, we are of the opinion that a court of equity should intervene to protect the rights of the plaintiff and prevent the threatened injury. Upon this question Mr. High, in his work on Injunctions, uses the following language "The aid of an injunction is frequently sought for the purpose of preventing a threatened sale of one's property under execution against a third person. While the authorities are not wholly uniform or reconcilable upon this question, the better rule, and that having the clear weight of authority in its support, undoubtedly is that where one's personal property is being taken in execution to satisfy the debt of another, equity may interfere for the purpose of retaining the property in specie nothwithstanding the remedy at law for the recovery of the property or of damages for its retention. The jurisdiction is akin to that entertained by courts of equity to compel a performance of contracts in specie, and is founded upon the necessity of protecting property rights where courts of law afford at best but uncertain and insufficient reparation in damages." High, Inj. § 119. The same learned author further says: "It is to be noticed, however, that the courts in granting preventive relief against the sale of personal property under execution against a third person rest their decision largely upon the uncertainty and insufficiency of the legal remedy for damages in such cases, as well as upon the necessity of extending the relief for the retention and preservation of the property in specie." Id. § 370. And he states the reason of the rule as follows: "The mere existence, however, of a remedy at law is not in it-

self sufficient ground for refusing relief in equity by injunction, nor does the existence or nonexistence of a remedy at law afford a test as to the right to relief in equity. To deprive the plaintiff of the aid of equity by injunction, it must also appear that the remedy at law is plain and adequate; in other words, that it is as practicable and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. And, unless this is shown, a court of equity may lend its extraordinary aid by injunction notwithstanding the existence of a remedy at law." Id. § 30; Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580; Boyce's Exrs v. Grundy, 3 Pet. 210 7 L. Ed. 655; Wilson v. Butler, 3 Munf. 559; Ford v. Rigby, 10 Cal. 450. It is quite apparent from the facts stated in the complaint that, upon the sale of the claims by the sheriff under the judgment of Deere, Wells & Co. against Sweeney, the purchaser would have acquired an apparent good title to the claims, which would have conferred upon Deer, Wells & Co., presumptively, the right to control the actions of Sweeney against the railroad company and the contractors in the federal court, and to the moneys recovered upon the claims. We are clearly of the opinion, therefore, that under the facts stated in the complaint the circuit court committed no error in overruling the demurrer.

It is further contended on the part of the plaintiff that the judgment in this case should be reversed for the reason that it was entered without any proof being taken as to the facts alleged in the complaint. But we are of the opinion that there is no merit in this contention. The defendant having declined to answer, and elected to stand upon his demurrer, the plaintiff had an undoubted right to enter judgment in this case upon the complaint without further proof, there being no question of damages. It is true our Code of Civil Procedure provides that when a party has appeared in an action he is

entitled to eight days' notice of the application for judgment (section 5025, Comp. Laws) ; but that section does not apply to a case where a demurrer has been interposed, overruled, leave given to answer, and the defendant has declined to answer, but stands upon his demurrer. The judgment of the circuit court is affirmed.