DARGERT, Respondent, vs. DIETRICH and others, Appellants.

*May 4—June 1, 1920.*

*Drains: Removal of obstructions: Damages caused by permitting obstruction: Who may maintain action.*

The relief afforded by secs. 1384, 1386, Stats., for the removal of obstructions in a drainage ditch by an adjacent owner, being penal and not compensatory, was not intended to take the place of an action for damages; and since sec. 1382 requires such owner to maintain and keep in repair the portion of the ditch assigned to him, and it is also obvious that the statutory remedy might fail to prevent damage, which might come before termination of the proceedings, damages may be recovered from an adjacent owner for an obstruction without first invoking the statutory remedy.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover damages to a crop of growing vegetables caused by water flooding plaintiff's land by reason of defendants' negligence in not cleaning out the Kinnickinnic drainage ditch through or adjacent to their lands, they being lower riparian proprietors. The Kinnickinnic drainage ditch was a part of the drainage system of plaintiff's land.

The jury found (1) plaintiff's vegetables were damaged on or about September 15, 1912, and thereafter by the presence of water standing on the north five acres of his land; (2, 3) the defendants *Louis Dietrich, Henry Otto, William Flamm, Wilhelmina Winger, Louis Soergel,* and

*William Hedke* were guilty of a want of ordinary care in failing to remove the weeds from that portion of the Kinnickinnic ditch passing through or abutting upon their respective lands previous to September 15, 1912; (4) such want of ordinary care in failing to remove the weeds from the Kinnickinnic ditch caused the water to back upon plaintiff's land on or about September 15, 1912, and subsequent thereto; (5) such backing of water on plaintiff's land caused the whole damage to plaintiff's vegetables; (6) such want of ordinary care in failing to remove the weeds from the Kinnickinnic ditch was the proximate cause of plaintiff's damages; (7) plaintiff was not guilty of any want of ordinary care which proximately contributed to the damage to his vegetables; and (8) damages in the sum of $610. The trial court gave plaintiff the option to take judgment for $490 and costs or a new trial. Plaintiff elected to take judgment for $490 and costs, and from a judgment so entered the above named defendants appealed to the circuit court, where the judgment of the trial court was affirmed, and from such judgment of affirmance said defendants appealed.

*F. X. Boden* of Milwaukee, for the appellants.

For the respondent there was a brief by *Harold Metcalf* and *Herbert R. Manger,* both of Milwaukee, and oral argument by *Mr. Manger.*

VINJE, J. The defendants claim plaintiff is not entitled to recover damages because (1) he did not invoke the statutory remedy afforded by secs. 1384 and 1386, Stats., for the removal of obstructions in the drainage ditch; and (2) because of a failure of proof of defendants' negligence and of damages to the extent allowed by the judgment.

The first defense was raised by a plea in abatement. The sections referred to provide a remedy for keeping a drainage ditch free from obstructions, but a failure to comply with the orders which the sections authorize subjects the

defaulting party to a penalty.   They give no relief by way of damages to one who suffers injury by reason of such obstructions.   The relief afforded by the statute is penal and not compensatory.   It was not intended to precede or take the place of an action for damages.   Besides, since sec. 1382 places the duty to maintain and keep in repair that portion of a drainage ditch assigned to him, an action under the statute is not required in order to render him liable in damages for a failure to fulfil such duty.   The statute casts it upon him, and he cannot escape the consequences of his neglect by saying you should have compelled me by a penal action to perform that which it was my duty to perform in the first instance.   It is also obvious that the statutory remedy, if seasonably invoked, might fail to prevent just such damage as that complained of here, for the damage might come before the termination of the proceedings.

We have examined the evidence in relation to defendants' negligence and the amount of damages awarded by the judgment, with the result that there is sufficient basis therein for both findings as modified by the civil court and approved by the circuit court.

*By the Court.*—Judgment affirmed.