THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,
Plaintiff, *v.* IRVING FILLAT and Another, Defendants.

Supreme Court, New York County, March 16, 1926.

Insurance — life insurance — action to rescind policy for fraud — defendants counterclaimed for loss under disability clause — plaintiff replied by setting up fraud alleged in complaint — counterclaim insufficient under Civil Practice Act, § 266 — defendants not entitled to jury trial of issues raised by counterclaim and reply — Civil Practice Act, § 424, applied.

An action by the plaintiff to rescind an insurance policy for fraud, wherein defendant interposed a counterclaim for loss under a disability clause in the policy, to which plaintiff replied with a recitation of the fraud alleged in the complaint, is an action in equity and the issues raised by the counterclaim and reply are not triable by a jury for the reason that defendants' assertion of a claim for damages, under the policy, is in no sense a counterclaim to an action in equity to rescind the policy since, within the meaning of section 266 of the Civil Practice Act, said counterclaim neither tends to diminish nor defeat the plaintiff's recovery.

*It seems,* that, under section 424 of the Civil Practice Act, if the counterclaim is to be tried at all, it is to be on the issues directly raised by the reply, and that can occur only after the plaintiff has had its trial in equity.

MOTION by defendant for jury trial.

*Alexander & Green* [*Peter C. Mann* of counsel], for the plaintiff.

*Max Levy,* for the defendants.

PROSKAUER, J.    The plaintiff sues to rescind an insurance policy for fraud.    The defendants counterclaim on the policy for loss under the disability clause.    The plaintiff replies to the counterclaim by setting up the fraud alleged in the complaint.    The defendants move for a jury trial of the issues raised by the answer and reply.

The plaintiff's action in equity is maintainable for the reasons set forth in my memorandum in *Travelers Ins. Co.* v. *Snydecker* (127 Misc. 66).    The assertion of a suit for damages on the policy is in no sense a counterclaim to an action in equity to rescind the policy.    It tends neither " to diminish or defeat the plaintiff's recovery."    (Civ. Prac. Act, § 266.)    At all events there is no occasion for framing issues.    Under section 424 of the Civil Practice Act if the counterclaim is to be tried at all, it is to be on the issues directly raised by the reply, and that can occur only after the plaintiff has had its trial in equity.

Motion denied.    Order signed.