HOHENTHANER, Respondent, v. THE MUTUAL LIFE INSURANCE CO. OF NEW YORK, Appellant.

(250 N. W. 370.)

(File No. 7517. Opinion filed October 9, 1933.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Appellant.

*H. F. Fellows,* of Rapid City, for Respondent.

POLLEY, J. This action is brought to recover on a life insurance policy. Plaintiff is the widow of John H. Hohenthaner. On the 31st day of August, 1931, Hohenthaner consulted Dr. T. F. O'Toole, a physician at New Underwood. He told Dr. O'Toole that he had a pain in the upper right-hand region of his abdomen that had been giving him pain for something like six days. The doctor made an examination, and upon such examination found that Hohenthaner had a bunch or growth of considerable size in the upper right-hand portion of his abdomen. The doctor did not say at the time just what he thought this growth was, but told Hohenthaner to return in a week or ten days and let him make a further examination. On the 2d day of September, two days after his consultation with Dr. O'Toole, Hohenthaner called on Mr. S. H. Aos, the local agent of defendant company at Wasta, S. D., and made application for the life insurance policy that is involved in this action. Said agent sent the applicant to Dr. A. A. Heinemann, local medical examiner for the defendant company. As a part of such medical examination. Hohenthaner was required to answer a long questionnaire containing numerous questions relative to the condition of his health both present and past. Among other

questions was question No. 16, which reads as follows: "What illness, diseases, injuries and surgical operations have you had since childhood? Name of disease, etc., number of attacks, date of each, duration, complications, any remaining effects, and date of complete recovery." In answer to this question decedent enumerated a number of complaints all of which had occurred many years in the past, with the information called for by the question together with the date of complete recovery.

Question No. 17 is as follows: "State every physician or practitioner who has prescribed for or treated you, or whom you have consulted in the past five years for any ailment, serious or not serious? Name of physician or practitioner, address, when consulted, nature of complaint." To the portion of the question calling for the name of the physician consulted, Hohenthaner answered "None." This, of course, dispensed with any answer to the succeeding portions of the question. He did not disclose to the examining physician that he had consulted Dr. O'Toole only two days prior thereto, nor that he had any known ailment whatever. Some three or four days after this examination, Hohenthaner returned to Dr. O'Toole for further examination, and, upon making such examination the doctor informed Hohenthaner that his condition was serious and recommended that he go to the Clinic in Rapid City for further examination and treatment. This the appellant did. He was examined at the Clinic by Dr. Dawley. This was about the 14th of September. Dr. Dawley testified that upon making this examination he found a lump or mass as large as a grape fruit in the upper right-hand portion of Hohenthaner's abdomen. An X-ray was taken which verified this diagnosis, and on the 14th of October an operation was performed and the said lump or mass was removed. It was found to be a cancer, and involved not only the right kidney but adjacent structures. In a short time it formed again and was again removed, but no cure was effected, and Hohenthaner died from the effects of said cancer on the 18th of January, 1932.

At the examination by Dr. Heinemann which was made on about the 2d day of September, no disclosure was made by Hohenthaner that he had experienced any such pain as he described when he went to Dr. O'Toole, nor that he had consulted or been examined by Dr. O'Toole, or any other physician, nor that he was

suffering from any complaint of any kind, nor that he had any such growth as Dr. O'Toole had discovered. Dr. Heinemann did not discover the growth in Hohenthaner's abdomen, and no reference thereto was contained in his report to defendant company. Upon the strength of this report, the application was allowed, and the policy involved was issued on the 8th day of September, 1931, and delivered to the applicant on the 18th day of said month.

At the close of all the testimony the defendant moved for a directed verdict on the ground that the answers given by the applicant to questions 16, 17, 18, 19, 20-A, 28, 31, and 32, contained in the said questionnaire were false, and that, by giving the said false answers, the said applicant intended to deceive and mislead, and did deceive and mislead, the defendant and thereby induced the defendant to issue the said insurance policy, and that, because of the said false and fraudulent misrepresentations, whereby the applicant induced defendant to issue the said policy, the same is void. We are of the opinion that this motion should have been granted. Had the applicant truthfully answered question No. 17, he would first have disclosed the name of Dr. T. F. O'Toole of New Underwood, S. D.; second, the date, August 31, 1931, when the examination was made; third, the nature of the complaint, which would have disclosed the fact of the mass or bunch in applicant's abdomen. With this information, it would have been the duty of Dr. Heinemann to have examined said abnormal growth in the applicant's abdomen and reported the said condition to the defendant company; and the defendant could have exercised an intelligent judgment in determining whether to accept or reject the application.

Respondent invokes the provisions of section 9312, Rev. Code 1919, and contends that the defendant is estopped from claiming that the appellant was not in the condition of health required by the terms of the policy when the policy was issued. This section reads as follows: "In any case where the medical examiner, or physician acting as such of any life insurance company doing business in this state shall issue a certificate of health, or declare the applicant a fit subject for insurance under the rules and regulations of such company, the company shall be thereby estopped from alleging, in any action on such policy, that the assured was

not in the condition of health required by the policy at the time of issuing such policy, except where the same is procured by or through the fraud or deceit of the assured."

But this section avails the respondent nothing. Dr. Heinemann did not issue a certificate of health or "declare the applicant a fit subject for insurance under the rules and regulations of the 'defendant company.'" It was the applicant and not Dr. Heinemann who signed the certificate at the end of the questionnaire. This certificate reads as follows: "I certify that each and all of the foregoing statements and answers were read by me and are fully and correctly recorded by the medical examiner."

This certificate is signed "John H. Hohenthaner," and witnessed by A. A. Heinemann at Wasta, S. D., on the 2d day of September, 1931. This report also contains, over the appellant's signature, the following statement: "All the following statements and answers, and all those that the insured makes to the Company's Medical Examiner, in continuation of this application, are true, and are offered to the company as an inducement to issue the proposed policy. The insured expressly waives on behalf of himself or herself and of any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician or other person who has attended or examined, or who may hereafter attend or examine the insured, from disclosing any knowledge or information which he thereby acquired. The proposed policy shall not take effect unless and until delivered to and received by the insured, the Beneficiary or by the person who herein agrees to pay the premiums, during the Insured's continuance in good health. * * *"

By falsifying his answers as above set out, the applicant brought himself within the exception contained in section 9312, which reads as follows: "* * * Except where the same is procured by or through the fraud or deceit of the assured."

The statements made by the applicant were false, and, having been made only two days after having been examined by Dr. O'Toole, he knew they were false. They related to the condition of his health at the time of the application and at the time of the issuance and delivery of the policy, and were material. Such statements could have been made for no other purpose than to deceive and mislead defendant and induce it to enter into the con-

tract. In the language of the signed statement, the said false and fraudulent representations were "offered as an inducement to issue the proposed policy."

Plaintiff stresses the fact that both the local examining physician and the medical director of the defendant company passed favorably upon Hohenthaner's application. It is true that they did pass favorably upon this application, but in doing so they were acting in ignorance of facts known to the applicant and by him fraudulently concealed from them. Because of such fraudulent concealment of said facts, the policy was void, and defendant's motion for a directed verdict should have been granted.

The judgment and order appealed from are reversed, and the cause is remanded to the trial court, with directions to dismiss the action.

RUDOLPH, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.