CONNOLLY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

(252 N. W. 493.)

(File No. 7433. Opinion filed February 1, 1934.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Tom Kirby,* of Sioux Falls, for Respondent.

CAMPBELL, J.  Plaintiff below instituted the present action to recover the sum of $2,000 pursuant to the terms of a policy of insurance issued by defendant company upon the life of her daughter Margaret C. Connolly.  Verdict and judgment were for plaintiff, from which judgment and from denial of its motion for new trial, defedant, who had duly moved for directed verdict and later for judgment n. o. v., has now appealed.

Respondent has moved in this court for the dismissal of the appeal.  There is no merit in the motion, and it requires no discussion.

The insured, Margaret C. Connolly, made application for the policy in question on December 25 and 26, 1930, and the policy was delivered to her on January 11, 1931.  In connection with and as a part of her written application for the issuance of said policy of insurance, the insured represented to the company that she had suffered an appendectomy in 1922; that she had never had or been treated for any disease of the genito-urinary organs; that she had never been advised to have any surgical operation except the appendectomy above mentioned and had had no other illness; and that she had not consulted a physician or been treated by one during the previous five years.  It appears from the record herein, as a matter of fact, that the insured had consulted Dr. Kellogg on six or seven different occasions during the five years previous to the insurance application and had also consulted and received professional treatment from Dr. Goldman on several occasions during that five-year period.  Dr. Goldman visited the insured professionally on December 30, 1930.  On January 18, 1931, seven days after the issuance of the policy in question and after having been absent from her customary employment for some two weeks, the insured was admitted to a hospital at Madison, S. D., where Dr. Goldman performed an operation upon her on January 19, 1931, and where she died on January 23, 1931; the cause of death being stated as postoperative shock.  Dr. Goldman

had treated the insured for several days prior to her admission to the hospital, and further testified that prior to her entry into the hospital he "had been treating her off and on for about three or four years." Appellant endeavored to show that as a matter of fact, at the time of the appendectomy hereinbefore mentioned, an operation was also performed upon the insured for the extirpation of cysts from both Fallopian tubes, that one of her ovaries had been removed, and that the operation of January 19, 1931, was performed with the object of relieving a condition of long standing known to insured and her physicians. Appellant also endeavored to show by examination of Dr. Kellogg and Dr. Goldman what were the facts with reference to their consultation with and treatment of insured during the five years prior to the making of application for the insurance. To all of this offered testimony respondent objected, and her objections were sustained, whether rightly or wrongly we need not in this case decide.

It is admitted that the representations made by the insured were relied upon by appellant company, and appellant now urges that no recovery can be had because the fraudulent misrepresentations avoid the policy.

In this contention we believe appellant is entirely correct. The case is comparable in many respects to Hohenthaner v. Mut. Life Ins. Co., recently before this court, 62 S. D. 8, 250 N. W. 370. Respondent urges the provisions of section 9312, R. C. 1919. The falsification of the answers, under the circumstances of this case, brings the matter within the exception contained in the last clause of section 9312, as pointed out in the Hohenthaner Case, supra. Respondent also urges that a policy is not avoided by false statement in the application that no physician has been consulted within a given time if such consultations were for merely minor or trivial matters. With the validity of this contention in the abstract we need not concern ourselves. Appellant in this case offered to show that such consultations were not for minor or trivial ailments, and offered to show the actual facts with reference thereto. Respondent succeeded in preventing any such disclosures by urging the doctrine of privileged communication. Respondent, having prevented disclosure of the actual facts, cannot claim a presumption that the facts, if disclosed, would have been favorable to respondent's contentions. Under the circumstances of

this case, it cannot be said that the false statements in the application did not materially affect the acceptance of the risk and hazard assumed by the insured.

We are convinced that the false representations, under the circumstances of the instant case, were sufficient to avoid the policy as a matter of law, and it therefore becomes unnecessary to consider other errors assigned.

The judgment and order appealed from are reversed, and the cause remanded, with directions to enter judgment in favor of defendant-appellant pursuant to its motion for judgment n. o. v., which should have been granted.

All the Judges concur.