LIFE BENEFIT, INC., Respondent, v. FORBRAGD, Appellant

(298 N. W. 259.)

(File No. 8359. Opinion filed May 26, 1941.)

**H. W. Markey,** of Huron, for Appellant.
**Max Royhl,** of Huron, for Respondent.

POLLEY, P. J.   On the 29th day of May, 1934, the Life Benefit, Inc., plaintiff herein, a mutual assessment life in-

surance company, issued a policy of insurance on the life of Alvin O. Forbragd, with Agnes B. Forbragd, wife of the insured, named as beneficiary. No medical examination of Forbragd was made before the policy was issued, but he was required to answer a list of questions pertaining to his insurability, and it was upon the assumption that these questions were truthfully answered that the policy was issued. The policy contained the following conditions, to wit: that if the dues and assessments were not paid when due the policy would be canceled; that in the event the policy were allowed to lapse for non-payment of dues and assessments, the policyholder could reinstate the same by the payment of $1 and showing that he is in good health at the time of such reinstatement; and he also agreed that he would be governed by the articles of incorporation, by-laws, resolutions, and regulations of the corporation, and the laws of the State of South Dakota.

On the 6th day of August, 1934, the policy was allowed to lapse for non-payment of dues and assessments, but same was reinstated on the 18th day of the same month. The policy was again allowed to lapse for non-payment of dues and assessments on the 6th day of January, 1935. Thereafter, and on the 14th day of October, 1937, a period of more than two years and nine months after the policy had lapsed, the policyholder filed a written application, made on a blank furnished by the plaintiff and issued to the policyholder for that purpose, for reinstatement of the policy. This application contained some questions not found in the previous application, among others, the following question: "Has there been among your parents, brothers or sisters any * * * insanity, * * *?", to which question the applicant answered "No". This application also contained the following warranties:

"I agree to pay all dues and assessments in accordance with the terms of the now existing by-laws or as they may be hereafter amended or changed. * * *."

"I further agree that if it should develop that I have misrepresented a material fact covered by the foregoing

statements and answers, or have failed to give full disclosures of any material fact, then my policy issued hereunder shall be null and void. I agree to the terms of the now existing by-laws or as hereafter amended or changed."

At the time of the making of said application, and for a period of more than two years and six months prior thereto, the following by-law was in effect: "Art. XIV. Lapsed policies may be reinstated within six months after such lapse upon the proof of insurability made upon the form adopted by the Executive Committee and pending acceptance thereof by the Executive Committee and upon payment of a reinstatement fee of two dollars ($2.00). Provided, however, that the policyholder is still within age limits prescribed for the amount of insurance he carries, and within the age limit for new policy-holders. The corporation may at its discretion require medical examination as a condition of such reinstatement."

Pursuant to the above application, and relying upon the truthfulness of the statements and disclosures made therein, plaintiff did on the 18th day of October, 1937, reinstate said policy, and on the 30th day of the same month the insured died. Shortly after the death of the insured plaintiff learned that at the time insured made the foregoing application for reinstatement of said policy, he had a brother, Parnell S. Forbragd, who was then and for a long time prior thereto had been insane and was confined for treatment in the insane asylum at Yankton, South Dakota, all to the knowledge of the applicant.

Upon learning the foregoing facts, plaintiff, claiming that the said policy had been obtained by false and fraudulent concealment of a material fact did on or about the 5th day of January, 1938, commence this action for the cancellation of said policy.

Defendant answered plaintiff's complaint, and after denying the fraud charged therein, alleged that the policy was in all respects legal and in full force and effect at the time of the death of the insured, and interposed a counterclaim for the amount named in the policy. Plaintiff replied to

the counterclaim and the case went to trial on the issues so framed.

Defendant demanded a jury trial but such demand was overruled and the case was tried by the court as an equity case. Findings of fact and conclusions of law were for plaintiff, and judgment canceling and annulling the policy and dismissing the counterclaim on the merits was entered accordingly. From this judgment defendant appeals.

This case was not commenced until after the death of the insured; defendant's right of recovery (assuming the validity of the policy) had become fixed, and it is contended by defendant that this action could not then be maintained; citing, 32 C. J., p. 1246, § 431; Griesa et al. v. Mutual L. Ins. Co., 8 Cir., 169 F. 509; Aetna Life Ins. Co. v. Smith, C. C., 73 F. 318. But these authorities are not controlling in this case.

■ In order to defeat the jurisdiction of a court of equity it must be shown that plaintiff has an adequate remedy at law, and this means that the remedy at law must be in all respects as efficacious as the remedy in equity. In American L. Ins. Co. v. Stewart, 300 U. S. 203, 57 S. Ct. 377, 380, 81 L. Ed. 605, 111 A.L.R. 1268 (two cases) the facts are exactly parallel with the facts in the present case, except that in those cases the policies involved contained the so-called incontestability clauses, while in the present case the record makes no mention of such a clause. In those cases, the insured died soon after the policies went into effect, and shortly thereafter the insurance company commenced the actions to cancel the policies because, as alleged in its complaint they had been obtained by fraudulent means. Had the commencement of the actions been delayed until the expiration of the incontestability period, plaintiff would have lost its defense in the actions. The court held that the plaintiff had a right to maintain its equity actions.

■■ In this case, the plaintiff had no remedy at law at all until the defendant commenced suit to recover on the policy, and for this purpose he could wait any length of time so long as he kept within the statute of limitations.

Under such circumstances the court said: "There was neither equality in efficiency nor equality in certainty nor equality in promptness."

That the remedy at law cannot be adequate if its adequacy depends upon the will of the opposite party. The court held that in this class of cases the plaintiff may maintain his action in equity without waiting for the other party to commence his action at law. Citing: Davis v. Wakelee, 156 U. S. 680, 688, 15 S. Ct. 555, 39 L. Ed. 578, 584. See also Equitable Life Assur. Soc. v. Fillat, 127 Misc. 68, 215 N.Y.S. 277; 29 Am. Jur., Insurance, § 306. And this court has definitely settled the rule that where equity has jurisdiction in a case and the defendant sets up a legal counterclaim the court of equity has jurisdiction to try the case without a jury. First National Bank v. Erling Bros., 61 S. D. 364, 249 N. W. 681; Richardson v. Kerns, 56 S. D. 437, 229 N. W. 301. There was no error in denying defendant's motion.

Plaintiff's ground for canceling the policy involved is defendant's denial that there had been insanity in his family. Upon the question of insanity, the court made the following finding of fact: "* * * the said Alvin O. Forbragd did intentionally, falsely and fraudulently state, represent and warrant to the plaintiff that there had been no insanity among his brothers, sisters or parents and he, the said Alvin O. Forbragd, did knowingly, intentionally and fraudulently conceal from the plaintiff the fact that his brother, Parnell S. Forbragd, was then and had been for a long time prior thereto hopelessly insane * * *."

By his answer to this question, insured concealed from the plaintiff the fact that he had a brother, Parnell S. Forbragd, who was insane and was then in the insane asylum at Yankton being treated for such insanity. And upon this question, the trial court found as a fact that said Parnell S. Forbragd "was suffering from a form of insanity known and designated as dementia praecox." "* * * that heredity is a factor in that form of insanity and the tendency to the disease may be inherited and said disease is known to be hereditary and familial in type and runs in blood streams

* * *." The court found also that the plaintiff did not insure the lives of applicants whose parents, brothers or sisters have been insane except upon special investigation, and that the said statement, representation and warranty by the said applicant concerning insanity in his family, were on matters material to the risk incident to the reinstatement of the contract, or policy of insurance on the life of the insured and that plaintiff relied thereon, and would not have reinstated the said policy but for the said representation, and that if plaintiff had had notice or knowledge, or information of the insanity of the brother of the insured, plaintiff would not have reinstated the said contract of insurance on the life of the insured.

In view of the foregoing findings of fact which are fully supported by the evidence, the concealment by the policyholder of the fact that he then had a brother who was insane was material to the risk and rendered the policy null and void, as insured agreed that it should be in case he failed to make full disclosure of all material facts.

The facts in this case are very analogous to the controlling facts in Hohenthaner v. Mutual L. Ins. Co. of New York, 62 S. D. 8, 250 N. W. 370, and the ruling in that case should be followed in this.

The judgment and order appealed from are affirmed.
All the Judges concur.