CLARK, Respondent, v. MOSLEY, Appellant

(25 N. W.2d 884)

(File No. 8840.   Opinion filed February 6, 1947.)

**Francis Parker,** of Deadwood, for defendant and Appellant.

**Alex Rentto,** of Deadwood, for plaintiff and Respondent.

SMITH, J.   Plaintiff is the owner of a frame store building within the fire limits of the City of Deadwood.   It was damaged by fire on December 5, 1944.   This proceeding was thereafter instituted under SDC 37.44 to restrain the defen-

dant, the chief of police of Deadwood, from demolishing plaintiff's building. By the judgment below, and the writ of prohibition issued pursuant thereto, defendant is so absolutely restrained. He has appealed to this court.

By SDC 45.0201(52) power is delegated to our cities "To prescribe the fire limits within which wooden buildings shall not be erected, placed, or repaired without permission, and to provide that when a building within such limits has been damaged by fire, decay, or otherwise to an extent of fifty per cent of its value, it shall be torn down or removed, and to prescribe the manner of ascertaining such damage."

The city ordinance provides that "When any building situated within the city limits of the city of Deadwood, shall have been damaged by fire, decay or otherwise, to the extent of 50 per cent of its value, the same shall be torn down or removed in the manner by the ordinance provided"; and further provides for the examination of such damaged structure by a committee, a report by such committee, the form of a resolution declaring the building to have been damaged to the extent of 50 per cent of its value and directing that it be torn down within a fixed time and directing also that a copy of such resolution be served upon the owner; and further providing that "In case the owner or agent shall fail to tear down or remove any building after being notified to do so as provided in this ordinance, then it shall become the duty of the city marshall to at once proceed to tear down or remove any such building * * *."

After the fire of December 5, 1944, a committee composed of members of the city council and the city engineer made an examination of the building and reported to the council. Thereupon the council adopted a resolution in the form provided by the ordinance declaring the building to have been damaged to the extent of 50% of its value and directing that it be torn down. A copy of this resolution was served upon plaintiff. Thereafter plaintiff instituted this proceeding to restrain the defendant from carrying out his threat to demolish the building. The trial court found that the building had not been damaged by fire, decay or

otherwise to the extent of 50% of its value, and entered its judgment restraining the defendant.

The first contention of defendant is made under SDC 37.4402 which provides that a writ of prohibition may be issued in cases "where there is not a plain, speedy, and adequate remedy in the ordinary course of law". The narrow contention advanced is that an adequate remedy at law by action for damages against the city of Deadwood is available to plaintiff in event of the wrongful destruction of his building by defendant. We turn to the undisputed facts.

The plaintiff holds this building and the lot upon which it rests as an investment. He rents the ground floor for use as a grocery and the second floor for use as an apartment. The fire did not disturb the occupancy on the first floor; the grocery was closed for only three days. The apartment has not been occupied since the fire. Because of government regulations and shortage of supply of building materials, it was impossible at the time of trial to predict when the building could be replaced by an income producing structure. Plaintiff was confronted with the probability that if defendant razed his building, his lot must remain vacant and unproductive for an indefinite period of time.

In these circumstances, we unhesitatingly hold that an action at law for damages is not such an "adequate remedy" as is contemplated by SDC 37.4402. In dealing with a like provision governing the remedy of the writ of mandamus, this court held, " 'The "other remedy," the existence of which will oust, or, rather, prevent the invocation of, jurisdiction by mandamus, must be equally convenient, beneficial, and effective as mandamus. * * * It must be a remedy which will place the relator in statu quo; that is, in the same position he would have been had the duty been performed.' " McCoy v. Handlin, 35 S. D. 487, 153 N. W. 361, 370, L. R. A. 1915E, 858, Ann. Cas. 1917A, 1046.

That principle is applicable here. Neither an action for uncertain damages, nor one which must be delayed until future damages have been suffered is as "convenient, bene-

ficial, and effective" as one which prevents a threatened harm at the hands of an officer who is exceeding his authority. We hold the contention untenable.

The case of Clark v. City of Deadwood, 22 S. D. 233, 117 N. W. 131, 132, 18 L. R. A., N. S. , 402, is cited as authority for the proposition that a threatened destruction of a building will not be enjoined if the remedy at law is adequate. The building there in question was erected under a stipulation granting the city a right to remove it if plaintiff failed to so remove it before a fixed date. The case is weakened as authority for the stated proposition because it rests upon a conclusion that the city "clearly had the right, * * * to cause its removal." It is also distinguishable on its facts. No special circumstances were shown which would deter plaintiff in ascertaining, proving and recovering his damages. In other words, the record justified the trial court in concluding that an action at law would afford plaintiff certain, speedy, and complete relief.

The second contention of defendant questions the sufficiency of the evidence to support the finding that the building had not been damaged by fire, decay, or otherwise to the extent of 50% of its value.

The city engineer testified that in his opinion the building had been damaged to the extent of 64.4% of its value through physical depreciation and fire. From examining the structure and by reference to a true age table commonly employed by fire insurance companies, he determined the building had suffered a physical depreciation during its life of 32%. Through calculations which estimated the theoretical reproduction cost of the building, and also the cost of repairing the damage occasioned by the fire, he determined that the fire had damaged the building to the extent of 34.4% of its value. No other witness of either plaintiff or defendant purported to express an opinion as to the percentage of damage occasioned the building through physical depreciation. However, through the cross-examination of the city engineer and the testimony of the witnesses of plaintiff, the trial court was informed as to the age of the build-

ing, the use to which it had been put, the manner in which it had been repaired and maintained, its income from rents, its actual value before and after the fire and the value of the lot without the building, its theoretical reproduction cost and the estimated cost of repairing the damage occasioned by fire and water with both new and secondhand materials. In addition the court had a word picture of the present condition of the members and materials in the structure as well as actual samples of some of the materials. In our opinion the evidence provided room for a broad reasonable difference of opinion as to the exact extent to which the actual value of the building in question had been reduced because of physical deterioration through fire, decay, or otherwise. It cannot be said that the evidence is insufficient to support the challenged finding.

Finding no error in the record, the judgment of the trial court is affirmed.

All the Judges concur.

POLLEY, J., not sitting.