TISHER et al., Appellants v. JARRETT, Respondent

(68 N. W.2d 592)

(File No. 9474. Opinion filed February 21, 1955)

**L. R. Gustafson,** Britton, for Appellants.

**W. H. Morgan,** Britton, **and Wm. J. Holland,** Sisseton, for Respondent.

LEEDOM, P. J. Plaintiffs alleged in their first cause of action that defendant had filled and dammed a ditch that

formed a part of a drainage district established according to law; that as a result water was held on plaintiffs' lands rendering them soggy and unfit for farming and grazing. It was also alleged that pecuniary compensation for the damage done would be hard to determine, an inadequate remedy for the wrongful act of obstructing the drain, and recovery of damages would involve many suits in behalf of plaintiffs and others similarly situated. Plaintiffs asked for an injunction against maintenance of the dam. Defendant moved for a dismissal on the theory that since plaintiffs were in an organized drainage district their only remedies for getting the ditch cleared of the obstruction or dam, were the remedies provided in the statutes that govern establishment and maintenance of drainage districts. These statutes do not provide for injunction. The circuit court granted defendant's motion and entered a judgment dismissing plaintiffs' complaint. We think this was reversible error.

The statutes to which the trial apparently limited appellants' remedy are SDC 61.10 and SDC Supp. 61.10. SDC Supp. 61.1014 provides for cleaning and general maintenance of drains and ditches in an organized district by the county commissioners with a fund raised by assessment against all persons benefited in the district. The work may be initiated by petition of a majority of the owners of agricultural lands, and be done at the commissioners' discretion after inspection and public hearing. Or under certain conditions cleaning or repair may be done simply at the discretion of the county board. This is one remedy appellants might have utilized to get rid of the obstruction. It would distribute the cost of undoing respondent's wrongful act equally among the property owners of the district.

SDC 61.1039 provides that any person wilfully obstructing a drain in a district shall be liable in a civil action brought by the county commissioners for the amount needed to put the ditch back in good condition. The recovery in such a suit goes into the county treasury to the credit of the construction and maintenance of that drain.

Apparently there are no other remedies provided by the pertinent statutes to enforce appellants' rights under the

circumstances alleged. While respondents do not specifically contend that these statutory remedies exclude an action at law for damages, their argument purports to confine appellants to the remedies set forth in the statutes that regulate drainage districts. Obviously the statutory remedies are no adequate substitute for a damage action as they make no provision whatever for recovery of the loss to individual landowners by reason of the wrong done. It is our view that the necessity of co-operative action from possibly large numbers of other landowners, the need for co-operation from the county boards, the possible adverse effect of established lines of disagreement within the district as to its management, and the delay and uncertainty of any action at all incident to circulation of a petition and a public hearing, render the statutory remedies inadequate as substitutes for injunction as well as for damages. The inadequacy is multiplied by the prospect of unlimited repetition of the wrongful acts of obstructing the water flow.

■ ˙ Before statutory remedies will defeat a suit for injunction the remedies provided must be speedy, adequate and complete. 28 Am.Jur., Injunctions, § 40. This is a fundamental principle. Pomeroy's Equity Jurisprudence, (Fifth Edition) § 1338. It makes the test of the availability of injunction essentially the same as provided by statute for the remedies of prohibition and mandamus, i. e., SDC 37.4402 and SDC 37.4502 where it is stated the remedy in the ordinary course of law that defeats these statutory remedies must be "plain, speedy, and adequate".

In applying this rule as to adequacy of the legal remedy to a mandamus case this court quoted this language with approval: " 'The "other remedy," the existence of which will oust, or, rather, prevent the invocation of, jurisdiction by mandamus, must be equally convenient, beneficial, and effective as mandamus * * *' ". McCoy v. Handlin, 35 S.D. 487, 153 N.W. 361, 370, L.R.A.1915E, 858, Ann.Cas.1917A, 1046. The same language was used approvingly with respect to an action in prohibition. Clark v. Mosley, 71 S.D. 466, 25 N.W.2d 884, 885. We think it has equal application to injunction. In Halley v. Ingersol, 14 S.D. 7, 84 N.W. 201, 203, the court quoted from High, Injunctions, § 30:

" 'To deprive the plaintiff of the aid of equity by injunction, it must also appear that the remedy at law is plain and adequate; in other words, that it is as practicable and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. And, unless this is shown, a court of equity may lend its extraordinary aid by injunction, notwithstanding the existence of a remedy at law'."

See Life Benefit, Inc., y. Forbragd, 68 S.D. 38, 298 N.W. 259.

 The statutory remedies appearing in SDC 61.10 and SDC Supp. 61.10, herein before briefly described, quite clearly are not as convenient, beneficial or effective as injunction in the protection of appellants' rights. Therefore the theory that the statutory remedies prevent resort to other remedies is unsound and no support for dismissal of the complaint. Injunction was held to be an appropriate remedy in an analogous situation in Flader v. Central Realty & Investment Co., 114 Neb. 161, 206 N.W. 965; see also Schuette v. Sutter, 128 Minn. 150, 150 N.W. 622, and Dargert v. Dietrich, 171 Wis. 584, 177 N.W. 861.

The allegations of plaintiffs' second cause of action are the same as in the first except it is alleged that the dam and obstructions are in a natural water course rather than a drain established under the statutory procedure. The relief sought is also for an injunction. This second cause of action was dismissed along with the first. The two causes of action involve the same lands. It is not clear however that the same dam is involved. Probably it was plaintiffs' purpose in pleading two causes,—one with respect to an established drain, and the other as to a natural water course,—to take care of the contingency of proof of abandonment of the drainage district. The purpose is not important. It is significant that there is no allegation in the second cause that the lands and dam are in an organized drainage district.

Respondent devotes scarcely any attention in the brief to the dismissal of the second cause of action. Justification for dismissal rests entirely on the contention that since the lands involved are in an established drainage district all

rights, apparently even those involving natural waterways, are determined by the statutory provisions relating to drains established by law. The question presented by this contention actually is not in the appeal because the contention goes outside the second cause of action which as stated contains no allegation that the land is in a drainage district. We therefore do not decide whether or not the law ordinarily applicable to natural waterways is abrogated as to natural waterways remaining in areas included in drainage districts developed under the statutes.

██ ██ Dismissal however of the second cause of action, and the first cause as well, does raise the question as to whether injunction is an available remedy for injury occasioned by damming a natural or artificial drain and backing water onto upper lands; or whether recourse must be had to an action at law for damages. Injunction is a recognized remedy. In Farnham on Water and Water Rights, § 582, it is written:

> "The character of the injury caused by the obstruction of the flow of water in a stream so as to throw it back on upper land is such as to bring the case very easily within the jurisdiction of a court of equity, and such courts have always been very ready to take jurisdiction if any facts were presented to bring the case within the principles upon which equitable jurisdiction is founded. As said by Chancellor Johnson in Lamborn v. Covington Co., nothing can be clearer than the power of the court to prohibit the obstruction of water courses, the diversion of streams from mills, the back flowage upon them, and injuries of like kind, which, from their nature, cannot be adequately compensated by damages at law. The protection of the rights of the upper owner is clearly within the power of a court of equity."

The decisions of this court are rather numerous in which injunction has been regarded as a proper remedy, without question, for injury occasioned by the flooding of property or wrongful diversion of water onto land, by unlawful interference wtih the flow on other lands. Typical of these cases is

508

Willadsen v. Crawford, 75 S.D. 161, 60 N.W.2d 692. The right to have land drained through a water course running over lands of other owners has been established by several decisions of this court including Thompson v. Andrews, 39 S.D. 477, 165 N.W. 9, and Johnson v. Metropolitan Life Ins. Co., 71 S.D. 155, 22 N.W.2d 737. Injunction as a proper means of protecting the right against interference with the natural flow of water to the detriment of another owner was recognized in Faris v. Moore, 71 S.D. 482, 26 N.W.2d 130; and see the cases there cited. It is our opinion an action for damages under circumstances alleged in either cause of action here involved would not be as complete, as adequate, or as convenient a remedy as injunction. The principles that warrant the equitable remedy of injunction are therefore established and the complaint should not have been dismissed.

The judgment of the circuit court is reversed.

All the Judges concur.