STATE OF CONNECTICUT *v.* JOHN TOWRY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 13309
AT NEW HAVEN

Memorandum filed May 3, 1965

*George R. Tiernan,* state's attorney, for the state.

*Charles G. Albom,* of New Haven, for the defendant.

THIM, J. The defendant moves to suppress as evidence, upon the trial of the information pending against him, the results of a test of his blood for its alcoholic content which he claims was taken illegally and without his consent.

On November 14, 1964, at approximately 10:40 p.m., the defendant was discovered in the front seat behind the wheel of a motor vehicle. Immediately prior to such discovery, the vehicle had been operated on a public highway at a high rate of speed. It left the highway and landed on the tracks of a railroad. The vehicle was found straddling the tracks and it was in a badly damaged condition.

The defendant was removed from the vehicle and taken unconscious by ambulance to a hospital. At 2:20 a.m. on November 15, a sample of blood was taken from him, without his consent and without a search warrant, by a medical examiner. At that time the defendant was still incapable of comprehending what was going on about him. The sample was taken by a police officer to a state laboratory. Upon analysis, the sample showed in the blood an alcoholic content of .18 percent by weight. On November 27, after the results of the blood test were known, and after the defendant had returned to his home from the hospital, the police went to his home and arrested him. A court clerk was present at the time of the arrest and accepted a bond guaranteeing the defendant's appearance in court. Subsequent to the arrest, an information charging the defendant with committing the crime of misconduct of motor vehicle operator (General Statutes § 53-17) was filed in this court.

The defendant urges suppression on the ground that the taking of his blood under the circumstances

constituted an illegal search and seizure in violation of his rights under § 8, article first, of the constitution of Connecticut, and under the fourth and fourteenth amendments to the United States constitution, which insure him against an unreasonable search and seizure of his person or property.

The state seeks to sustain the admissibility of the results of the test on three grounds: (1) The taking and testing of the defendant's blood was not, under the circumstances, an unreasonable search and seizure in violation of any of the defendant's constitutional rights; (2) the officer had probable cause for arresting the defendant without awaiting the results of the test and he was prevented from making an arrest because of the condition of the defendant; and (3) the taking of the defendant's blood is expressly authorized under the provisions of § 14-227b of the General Statutes.

It is now well settled that no search of the person or seizure of any article found thereon can be made on mere suspicion that the person searched is violating the law, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest or shall be lawfully arrested without a warrant as authorized by law. *State* v. *Miller,* 152 Conn. 343, 347; *Mapp* v. *Ohio,* 367 U.S. 643. Not every search made without a warrant is illegal. For example, a search which is an incident to a lawful arrest is proper. *State* v. *DelVecchio,* 149 Conn. 567, 572. A search with consent is lawful. *State* v. *Collins,* 150 Conn. 488.

Here, the defendant was not arrested until November 27, thirteen days after the taking of blood from him. In no sense could such taking be regarded as an incident of his arrest. The confinement of the defendant in the hospital and his condition at that time did not, as argued by the state, prevent

the police from making an arrest. It is true, as claimed by the state, that the defendant's physical condition on November 14 necessitated hospital confinement. However, he could have been legally arrested at that time without removing him from the hospital. Not until November 27 did the enforcement officials take any steps to detain the defendant or interfere with freedom of his movement.

In arguing that the taking and testing of the defendant's blood was not, under the circumstances, an unreasonable search and seizure, the state relies in part upon a 1957 decision of the United States Supreme Court in *Breithaupt* v. *Abram,* 352 U.S. 432. The facts in *Breithaupt* are similar to those in the instant case. Breithaupt, while driving a truck on a public highway, was involved in a collision which resulted in the deaths of three persons and his injuries. While he was lying unconscious in the emergency room of a hospital, a policeman requested that a sample of blood be taken. A physician, using a hypodermic needle, withdrew a blood sample, which on laboratory analysis contained about .17 percent alcohol. Thereafter, Breithaupt was charged with involuntary manslaughter and convicted thereof. At his trial, evidence of the blood test and results were admitted over his objection. Breithaupt urged that the evidence was obtained in violation of the due process clause of the fourteenth amendment, in that the taking was the result of an unreasonable search and seizure in violation of the fourth amendment and that there was a violation of the fifth amendment in that the introduction of the test compelled him to be a witness against himself.

In rejecting the claims of Breithaupt and upholding the admissibility of the results of the blood test, the court followed the rule set forth in *Wolf*

v. *Colorado*, 338 U.S. 25 (decided in 1949), which holds that in a prosecution in a state court for a state crime the fourteenth amendment to the United States constitution does not forbid the admission of evidence obtained by an unreasonable search and seizure. Following the *Breithaupt* decision, the Supreme Court of the United States in *Mapp* v. *Ohio*, supra, and again in *Ker* v. *California*, 374 U.S. 23 (decided in 1963), held unequivocally that the fourth amendment is enforceable against the state when the state court is passing upon the reasonableness of a state search and seizure. The state court must apply federal constitutional standards. Such standards guarantee a person against a search without a search warrant unless the search was incidental to a lawful arrest. In view of the principles stated in the *Mapp* and *Ker* cases, the holding in the *Breithaupt* case cannot be applied to the factual circumstances in the pending case. *State* v. *Miller*, supra.

In applying constitutional standards to the pending case, the conclusion is reached that the blood sample was taken from the defendant illegally. Blood was taken from him while he was unconscious and without his consent. As the taking was the result of an unreasonable search and seizure, the constitutional rights of the defendant have been violated.

The state also urges that the taking of blood from the defendant under the circumstances of this case is expressly authorized by a provision of § 14-227b of the General Statutes which states: "Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood or breath." In determining whether this quoted part of the section justified the taking of blood, consideration must also be

given to the other provisions of § 14-227b, together with all of the provisions of § 14-227a, both of which sections deal with the taking of blood from a defendant charged with driving under the influence of intoxicating liquor and with the admissibility in evidence of the amount of alcohol in the defendant's blood at the time of the alleged offense. Sections 14-227a and 14-227b were enacted in 1963 as part of Public Act No. 616, entitled "An Act concerning Implied Consent to Tests for Intoxication." Both sections are interrelated and they give rise to two separate and distinct proceedings, one dealing with criminal procedure and the other dealing with revocation of license. Section 14-227a declares it a crime to operate a motor vehicle while under the influence of intoxicating liquor and prescribes a procedure to follow for the admission into evidence of the results of a chemical test of a defendant's blood or breath taken with his consent. Section 14-227b requires the motor vehicle commissioner to suspend or revoke an operator's driving license when the operator refuses upon request to submit to a blood or breath test.

Before the results of a chemical test can be admitted in evidence under the provisions of § 14-227a, the state must prove that the defendant consented to the taking of the test. The license revocation of § 14-227b only becomes operative in the event the defendant has refused to consent to the test under the conditions set forth in § 14-227a. A condition imposed on an operator of a motor vehicle placed under arrest for driving while under the influence of liquor is that he consent to a chemical test under the provisions of § 14-227a. His refusal to take the test results in a mandatory suspension or revocation of his license.

The implied consent provision of § 14-227b does not authorize the taking of blood from the defend-

ant, who was unconscious at the time of the taking. At no time did he consent or refuse to submit to a chemical test. Another important element, not present in this case, is the fact that the defendant was not under arrest at the time the blood sample was taken from him. It is true that § 14-227a does not contain a specific requirement of the operator's arrest prior to the request to submit to a blood test. However, in construing both sections, the conclusion is reached that the act requires the defendant to be placed under arrest before the request to give a sample of blood can be made under § 14-227a. To interpret § 14-227a so that a police officer is authorized to request an operator to furnish a sample of blood before his arrest may well result in an attack being made on the constitutional validity of the section. See *Matter of Schutt* v. *Macduff,* 205 Misc. 43, 54; LaPlante, "Alcohol Testing," 38 Conn. B.J. 16, 21, 39 id. 72.

The foregoing leads to these holdings: The taking of the blood sample from the defendant was in violation of his constitutional rights; and the taking of blood from him was not authorized under the provisions of §§ 14-227a and 14-227b.

The motion is granted.