Frederick F. TYNDALL, Appellee,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellant.

No. 11084.

United States Court of Appeals Fourth Circuit.

Argued April 7, 1967.

Decided May 2, 1967.

Kathryn H. Baldwin, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., Florence Wagman Roisman, Atty., Dept. of Justice, and Robert H. Cowen, U. S. Atty., on brief), for appellant.

No appearance for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge.

The Secretary of Health, Education and Welfare has appealed from a judgment of the District Court overturning a decision of the Secretary imposing certain deductions, because of self-employment income, from old-age benefits which, otherwise, would have been payable and a penalty for an untimely filing of a report of such earnings. Tyndall concedes that during the relevant years he had some self-employment income, but he contests the inclusion in the computation of his distributive share of the income of a partnership engaged in farming operations, to which he contends he contributed no personal services. We think that his distributive share of such partnership earnings was properly included in the computation by the Secretary, and that the District Court erroneously rejected the Secretary's findings and conclusions.

The claimant, Tyndall, and his wife reside on one of two farms which they owned until 1960. In that year, they gave the farms to their two sons. Earlier, in 1953, however, operation of the farms had been assumed by a partnership known as Tyndall Farms, composed of the claimant and his two sons. The claimant paid self-employment taxes on his distributive share of the income of that partnership until 1960, when he became 65 years of age. He concedes that, in 1960, he received wages from a tobacco warehouse, and in that and subsequent years he had income from a third farm which he operated as lessee. He also concedes that the income from the rented farm is self-employment income which should be deducted from his old-age benefits, but he contests the inclusion of his distributive share of the income from Tyndall Farms, contending that he left the operation of that partnership entirely to the two sons.[1]

Neither the Examiner nor the Appeals Council undertook to resolve the factual question of whether the claimant actually rendered personal services to the partnership in the operation of the farms. Those earnings were included in the computation of the deductions on the theory that 42 U.S.C.A. § 411(a) required it, in light of the fact that Tyndall admittedly rendered personal services in the relevant years in the operation of the rented farm with resultant realization of self-employment income. The District Court was of the opinion that the claimant's share of the partnership net income was includible only upon a finding that he rendered personal services in the production of that income. After having made the factual finding that the claimant rendered no such services to the partnership, it entered an order overturning the Secretary's determination of the deductions and penalty.

The case is indistinguishable from Bernstein v. Ribicoff, 3 Cir., 299 F.2d 248. This, the District Court recognized, but it disagreed with *Bernstein*. We find *Bernstein* persuasive.

Bernstein was a lawyer, who, in the relevant years, had a small income from a law practice, it being in one year less than the minimum of $1200 allowable without a deduction. During the same years, however, he had a very substantial income from a partnership, to which it was found that he contributed no personal services. His distributable share of such partnership income was held includible in the computation of the deductions.

The congressional scheme is apparent in the statute. Qualified males who

---

[1]. Tyndall Farms also owns some rental property. The claimant rendered services with respect to that rental property, but his distributive share of the partnership net income from rental properties was not included in the Secretary's computation pursuant to the provisions of 42 U.S. C.A. § 411(a) (1). The issue relates entirely to the includibility of claimant's distributive share of the partnership net income from farming operations.

actually retire at age 65 are to receive old-age benefits without being penalized for the passive receipt of investment income.[2] Indeed, the recipient is entitled to receive a minimal amount of wages or self-employment income without any reduction of the benefits payable. However, if his earnings exceed the minimum amount, the excess must enter into a computation of deductions from the benefits, which, dependent upon the amount of excess earnings, will reduce or entirely eliminate the benefits payable.[3]

Under § 403(f) (1), deductions are to be made when there are excess earnings with respect to every month, except a month in which it appears that the beneficiary was not engaged in self-employment and rendered no services for wages. By § 403(f) (4) (A), an individual who has income or a loss from self-employment during a taxable year is presumed to have been self-employed in each month of that year until he establishes the contrary. By definition in § 411(a), the term "net earnings from self-employment" means the gross income, as determined for income tax purposes, derived by the beneficiary from a trade or business carried on by him, less the deductions allowable for income tax purposes with respect to that trade or business, plus his distributive share of the ordinary net income or loss, as determined for income tax purposes, of any trade or business carried on by a partnership of which the individual is a member. This is true unless the income falls in one of the classes specifically excluded by § 411,[4] and the addition of a distributive share of partnership net income to the net income derived by an individual from a trade or business is a specific requirement of § 411(a). While, as we have seen, under § 403(f) (1) and (f) (4) (A) no deduction is to be taken with respect to any month in which it is established by the claimant that he rendered no substantial services with respect to any trade or business, once it appears that he rendered such services in the production of income from a trade or business conducted by him as an individual, § 411(a) requires that the self-employment earnings, which are the basis of the deduction, include also a distributable share of the earnings of a partnership which conducts a trade or business without regard to the nature or extent of the services rendered by the claimant to the partnership.

This construction of the statute seems entirely reasonable. Once it appears that a claimant is not retired but is rendering substantial services to a trade or business conducted by him as an individual and from which he derives income, it is not inappropriate to include in the computation of the deduction his distributive share of the income of a partnership derived from the conduct of a trade or business without the necessity of an appraisal of the nature and extent of the services rendered by the claimant to the partnership. The claimant qualified for old-age benefits by including in his reported self-employment income his distributive share of the earnings of Tyndall Farms. When it is undeniable that he is not completely retired, there is nothing inequitable in treating his share of such earnings, as self-employment income for purposes of computation of the deduction, just as it was included in earlier years in computing his eligibility, for he rendered no more services to the partnership before attaining age 65 than he did afterwards.[5]

We do not reach the factual question of the nature or the extent of any services he may have rendered the partnership, but since the tobacco allotment was in the claimant's name, and since he was active enough to operate a leased farm for himself, the Secretary may well have found that he rendered supervisory, ad-

---

2. 42 U.S.C.A. § 411.

3. See 42 U.S.C.A. § 403.

4. Income from farming operations is not within any of the excluded classes.

5. The claimant and his sons agreed, indeed, they contended that the claimant rendered no services to the partnership from the time of its inception in 1953.

visory and other services to his sons in the partnership business of cultivation of the farm upon which the claimant lived. Since the farms had been given to the sons, the father's receipts from the partnership could not be considered in lieu of rent; the fact of such receipts is then prima facie evidence of the rendition of services.

The judgment of the District Court is reversed.

Reversed.