Minnie **HARRELL** et al., Plaintiffs,

v.

The **BOARD OF COMMISSIONERS OF** the **DISTRICT OF COLUMBIA** et al., Defendants.

Civ. A. No. 1497–67.

United States District Court District of Columbia.

June 22, 1967.

---

Laurens H. Silver, Peter S. Smith, Rhoda Lakritz, and David Marlin, Washington, D. C., for plaintiffs.

John Suda, Asst. Corp. Counsel, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The Court has before it an application for the convening of a Three-Judge Court on the ground that this action is brought to enjoin the enforcement of an Act of Congress, it being claimed that the statutory provision in question is unconstitutional.

■■ Such an application should be granted if the constitutional question raised is substantial, that is, reasonably debatable. This limitation is strictly enforced, because otherwise numerous Federal Judges would be immobilized in Three-Judge Courts in actions that may be entirely lacking in merit.

The plaintiff in this action is an applicant for public assistance for herself and three minor children. She made this application to the welfare authorities of the District of Columbia. The application was denied on the ground that she and her children had not resided in the District of Columbia for one year immediately preceding the date of the filing of the application. The residence requirement is contained in the District of Columbia Code, Title 3, Section 203.

It is claimed in this action: first, that this statute, construed as the District of Columbia authorities have construed it, is unconstitutional; and, second, that as a matter of statutory interpretation, this statute has been misconstrued by the District of Columbia authorities. Only the first aspect of this matter is before the Court on this application.

 The Court is of the opinion that no substantial constitutional question is involved. Public assistance is a grant. It is not the fulfillment of a contractual obligation. The Congress may surround grants with reasonable requirements and prescribe the categories of persons to whom grants shall be given. To impose a residence requirement is perfectly reasonable. Such provisions have been in existence in similar statutes throughout the country for many years.

If such a requirement did not exist, the District of Columbia might receive a migration of indigent persons and might become a Mecca for persons applying for relief, especially because of the liberal payments made in the District. It is a matter of the protection of the taxpayers, and clearly it is within the discretion of the Congress.

In this connection, the opinion of the Supreme Court in Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435, is illuminating. In that case the provisions of the Social Security Act denying payments under the statute to aliens who have been deported were held to be constitutional.

To be sure, the Court can conceive of a purely arbitrary and unreasonable distinction which perhaps might raise a substantial question as to constitutionality. This, however, is not such a case. In the *Flemming* case, page 611, the Court indicated that Congress has the power to prescribe classifications and requirements of the type there involved. The Court remarked that due process of law can be thought to interpose a bar only if the statute manifests a patently arbitrary classification utterly lacking in rational justification.

It should be noted that the Congress, in the Social Security Act, in making provision for grants to States for aid to needy families with children, expressly authorized the States to employ a residence requirement not exceeding one year, 42 U.S.C. § 602(b).

The suggestion that such a residence requirement interferes with the freedom of travel guaranteed by due process of law is too far-fetched and remote to justify extended discussion.

Accordingly, the application for the convening of a Three-Judge Court is denied, and this action will proceed as an action before a single Judge.

Counsel for the defendants may submit a proposed order.