STATE, Respondent v. WERLINGER, Appellant

(170 N.W.2d 470)

(File No. 10576.  Opinion filed September 10, 1969)

Thomas R. Vickerman, Asst. Atty. Gen., Pierre, argued the cause for plaintiff and respondent. **Gordon Mydland,** Atty. Gen., was on the brief.

**Wm. E. Anderson,** Belle Fourche, argued the cause for defendant and appellant.

BIEGELMEIER, Presiding Judge.

Defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor and appeals from his sentence which imposed a fine of $200 and suspended his driver's license for 30 days.

After midnight defendant and his wife were occupants of an automobile involved in a one-car accident which occurred outside the city of Deadwood and as a result both received some injuries. Officers of the Deadwood police department, advised of the accident, soon arrived at the scene where the battered car rested partly in the ditch on the left side of the road. An ambulance summoned by police took defendant's wife to the hospital. Defendant accompanied her. The police also notified the sheriff's office and a deputy went to the scene, then proceeded to his office, picked up blood test equipment and went on to the hospital. Following some discussion defendant consented to take a blood alcohol test and now complains in several assignments of error that the court erred in failing to suppress evidence and testimony relating to the test. The test was taken pursuant to SDC 1960 Supp. 44.0302-2, now SDCL 1967, § 32-23-10, set out in State v. Batterman, 79 S.D. 191, 110 N.W.2d 139.

■ The admission in evidence of a report of defendant's blood sample to show its alcoholic content drawn by a physician at a hospital by direction of an officer, despite refusal of defendant to consent thereto, does not deny defendant due process of law under the Fourteenth Amendment, offend the prohibition of the Fourth Amendment against unreasonable searches and seizures, violate his right to assistance of counsel under the Sixth Amendment or his privilege against self-incrimination under the Fifth Amendment, now applicable to the states. Schmerber v. California, 1966, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. See also Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d

448. It follows such evidence is admissible when taken with defendant's consent and is not a violation of similar provisions of the South Dakota Constitution, Art. VI, §§ 2, 7 and 9. See City of Sioux Falls v. Ugland, 1961, 79 S.D. 134, 109 N.W.2d 144.

■ It is further contended the result of the test was inadmissible as at the time of the request by the deputy sheriff, defendant had neither been arrested nor formally charged with an offense. The deputy had told defendant he was under arrest for driving while intoxicated; this was sufficient information to advise him of the offense he was charged with whether or not the arrest was valid. The court in Batterman expressly held no formal charge was necessary as this would defeat its purpose.

■ Under Point II defendant's brief contains argument of error in overruling objections made to any conversations between defendant and deputy sheriff. Generally the provisions of Title 15 SDCL 1967 apply to criminal actions conformable to SDCL 1967, § 15-29-17. Four assignments of error are relied on under Point II and are referred to by number. These in turn, as required by SDCL 1967, § 15-29-6, refer to the pages of the transcript and lines thereof where the alleged errors appear. They refer to conversations about taking the blood test and, as stated above, no error resulted from admitting these conversations in evidence.

We have noted, however, that the accident happened outside of the city of Deadwood and its chief of police was an early arrival at the scene. He saw four persons standing in front of the damaged auto and asked "who owned the car—who was driving it?" to which defendant answered "I was". His wife also responded saying "He was driving the car".

In State v. Heisdorffer, 1969, Iowa, 164 N.W.2d 173, defendant asserted the trial court erred in refusing to strike testimony of a highway patrolman of sobriety tests of defendant at the accident scene "before the arrest and before" the Miranda warnings were given. The court after quoting Miranda v. Arizona, 384

U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, that " 'Generally on-the-scene questioning * * * of citizens in the fact-finding process is not affected by our holding' ", wrote:

> "We do not believe Miranda should be interpreted to prevent an investigation to determine whether defendant had committed a crime subjecting him to arrest. The erratic path of the car and the smell of alcohol on defendant's breath furnished good cause to suspect defendant might be guilty of operating a motor vehicle while intoxicated. The tests were reasonably necessary to enable the patrolman to decide whether defendant should be arrested. The situation did not present an incommunicado interrogation of a person in a police dominated atmosphere condemned by Miranda."

██ The evidence was properly admitted as was a similar conversation with defendant and his wife at the hospital. The latter conversation was directed to the blood test; both were before defendant's arrest and not in a police dominated atmosphere. See also State v. Davis, 1968, Iowa, 157 N.W.2d 907, and cases cited.

██ Finally defendant urges the court erred in assessing certain costs in the sentence and in the brief argues that some of the costs include fees of the state chemist who testified at the trial. The assignment of error refers to the March 28th sentence and a letter of the state's attorney dated June 10th; no such letter appears in the settled record nor has any record been referred to that shows the costs included in the sentence are improper. Costs may be included in the judgments. SDCL 1967, § 23-48-32 and § 23-48-33. Defendant did not in any way challenge or make any objection to these costs in the trial court. See SDCL 1967, § 15-17-28. He cannot do so for the first time on appeal.

Affirmed.

All the Judges concur.