**Vivian E. CARLOUGH, Plaintiff,**

v.

**Robert H. FINCH, as Secretary of Health, Education and Welfare, Defendant.**

**No. 69–277–Civ–CF.**

United States District Court, S. D. Florida.

Dec. 4, 1969.

Thomas G. Spicer, Miami, Fla., and Norman B. Smith, North Miami, Fla., for plaintiff.

Robert Silverstein, Asst. U. S. Atty., Miami, Fla., for defendant.

Before DYER, Circuit Judge, and FULTON and ATKINS, District Judges.

## PER CURIAM.

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Secretary of Health, Education and Welfare's decision that in each year from 1964 through 1967, the plaintiff had exceess earnings which would subject his benefits to deductions in all months beginning with October, 1964. Specifically, the hearing examiner found that (1) the plaintiff had been overpaid in the total sum of $2,953.20; (2) the plaintiff was not without fault in accepting the overpayment and recovery would not be against equity and good conscience; and (3) the claimant did not show cause for his failure to file his annual report of earnings.

In addition to seeking judicial review of the Secretary's findings, the plaintiff has alleged that the "retirement test" contained in Section 403 of Title 42, U. S.C., is unconstitutional. More particularly, the plaintiff alleges in paragraph XXI of his complaint that the classification established in Section 403 [1], *supra,* is:

(1) "unreasonable, arbitrary, capricious and unjustly discriminatory so as to deprive the plaintiff and those persons included in such classification from the equal protection of the law, and

(2) that [it] constitutes such a gross discrimination as to be a deprivation and confiscation of the property rights of said persons without due process of law."

[1]. The "retirement test" applies to wage earners between the ages of 65 and 72, as follows:

 1. *An annual test:* Annual earnings from work up to $1680 are exempt from the test; a beneficiary whose earnings from work do not exceed $1680 in a year is considered to be fully retired and gets full benefits for the year, 42 U.S.C. Sec. 403(f) (1) and (3); 42 U.S.C.A. Sec. 403(f) (1) and (3).

 2. *A two-step reduction in benefits if earnings exceed the annual exempt amount:* One dollar in benefits is withheld for each $2 of annual earnings between $1680 and $2880 and for each $1 of earnings above $2880. 42 U.S.C. Sec. 403(f); 42 U.S.C.A. Sec. 403(f) (3).

 3. *A monthly test:* Regardless of annual earnings, benefits are payable in full for any month in which a beneficiary neither works for wages of more than $140 nor renders substantial services in self-employment. 42 U.S.C. Sec. 403(f) (1) (E); 42 U.S.C.A. Sec. 403 (f) (1) (E).

 4. *An exemption on account of age:* Beginning with the month in which a person reaches age 72, benefits are payable to him (and to his eligible dependents) regardless of the amount of his earnings. 42 U.S.C. Sec. 403(f) (1) (B); 42 U.S.C.A. Sec. 403(f) (1) (B).

The plaintiff has asked that a three-judge court be convened and prays that the "retirement test" contained in Section 403 of Title 42, U.S.C. be declared violative of the Fifth Amendment, and that the Secretary be permanently enjoined from enforcing the "retirement test" provisions.

Section 2282 of Title 28, U.S.C. provides:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under Section 2284 of this title.

 This complaint, by calling upon the Court to enjoin the Secretary from enforcing the retirement test of Section 403, *supra,* has made a prima facie showing of requiring a three-judge court pursuant to Section 2282 of Title 28, U.S.C., Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1964), but it is an established principle of law that to justify the convening of a three-judge court, the Constitutional issue raised must be substantial, and this determination is a matter best determined by a three-judge court rather than a one-judge court. Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968). Accordingly, the initial question to be considered is jurisdictional, i. e., whether the Constitutional issues raised are substantial.

In California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), the Court stated at page 255 that the "lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

In Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1963), the Court held that an individual does not have a vested property right to a social security benefit. The Court went on to say at page 611, 80 S.Ct. at page 1373:

" * * * 'Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the Courts. Our concern here, as often, is with power, not wisdom.' Helvering v. Davis, *supra,* 301 U.S. 619 at 644, 57 S.Ct. 904 at page 910, 81 L.Ed. 1307. *Particularly when we deal with a withholding of a non-contractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification."* (Emphasis added)

Moreover, the Courts have had an opportunity to consider the earnings test under the Act and in each instance found that the deductions from benefits were reasonable and not unconstitutional. Price v. Flemming, 280 F.2d 956 (3rd Cir. 1960), cert. den. 365 U.S. 817, 81 S. Ct. 698, 5 L.Ed.2d 695 (1961); Bernstein v. Ribicoff, 299 F.2d 248 (3rd Cir. 1962), cert. den. 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288 (1962); Tyndall v. Gardner, 376 F.2d 746 (4th Cir. 1967).

 This Court concludes that no substantial constitutional issue is presented here. It is readily apparent that the "retirement test" does not create an arbitrary classification, utterly lacking in rational justification, and it is equally clear that the desirability and propriety of such a test is one for Congress and not the Courts.

Thereupon, it is

Ordered and adjudged that the three-judge district court convened in this cause be and the same is hereby dissolved, and future proceedings are left for decision by a single district judge in due course.