HOLLAND, Appellant v. PARKER, Respondent

(176 N.W.2d 54)

(File No. 10712.   Opinion filed April 7, 1970)

Rehearing denied May 5, 1970

**Holland & Brantseg,** Sisseton, for plaintiff and appellant.

**Gordon Mydland,** Atty. Gen., **A. H. Shuster,** Asst. Atty. Gen., Pierre, for defendant and respondent.

PER CURIAM.

Shortly after midnight on August 3, 1968 appellant was involved in a two car accident on State Highway 10 in Britton,

South Dakota. The accident was investigated by a police officer in Britton. Based upon the officer's report that appellant refused to submit to a chemical analysis of his blood the Commissioner of Motor Vehicles on August 14, 1968 entered an order revoking his drivers license for one year in accordance with the provisions of the Implied Consent Law, SDC 1960 Supp. 44.0302-2.

On September 3, 1968 appellant applied for and was granted an Alternative Writ of Prohibition. The writ prohibited the Commissioner of Motor Vehicles, or any employee in his office, including the State Motor Patrol from taking any further proceedings in connection with the revocation of appellant's Drivers License. The Commissioner was required to show cause, if any, in the courtroom of the Circuit Court in Britton, South Dakota on September 20, 1968, why the Alternative Writ should not become permanent and the Order of Revocation canceled. Copies of the pleadings were personally served on the Commissioner. No answer, return, or other responsive motion or pleading was made.

The adjourned trial of the matter came on for hearing on November 13, 1968, at which time appellant presented an Affidavit of Default and application for a Peremptory Writ of Prohibition. The court denied the motion for summary relief and treated the proceedings as an application for trial de novo under the provisions of the Implied Consent Law. Judgment affirming revocation of appellant's license to drive was entered.

Appellant contends (1) he was entitled to a Peremptory Writ of Prohibition upon default and (2) the State failed to sustain the burden of showing compliance with all conditions precedent to a revocation of his drivers license.

A writ of prohibition may be issued "in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law", SDCL 21-30-2. Contrary to the Commissioner's contention the procedure provided by the Implied Consent Law does not preclude issuance of a writ of prohibition in cases of this nature.

In accordance with the Implied Consent Law the Commissioner is authorized to summarily revoke a person's permit to drive for one year upon an unverified oral or written report that the person, after request, refused to submit to a chemical analysis of his blood. Any person whose license is thus summarily canceled, suspended, or revoked may file a petition within thirty days for a hearing in the matter in circuit court. During the interim the permit to drive remains canceled, suspended, or revoked. The Implied Consent Law provides no means of arresting revocation of a license pending trial de novo in the circuit court. Consequently such remedy is not equally convenient, beneficial, and effective as prohibition. Clark v. Mosley, 71 S.D. 466, 25 N.W.2d 884.

■ ■ It does not follow that appellant was entitled to an alternative writ of prohibition by default or as a matter of right. The writ of prohibition is the counterpart of the writ of mandamus and governed by the same procedures "except where inconsistent". SDCL 21-30-5. Neither of these extraordinary writs can be granted on default. Each case "must be heard by the court, whether the adverse party appear or not". SDCL 21-29-4. In the event no answer is made the case "must be heard on the papers of the applicant", SDCL 21-29-8.

Appellant was not aggrieved by the de novo trial granted by the court. It served the same purpose and determined the same issues as though the case had been heard in prohibition "on the papers of the applicant."

■ Reviewing the evidence in the light most favorable to the trial court's findings, as we are obligated to do, we are unable to find a clear preponderance of the evidence against any one of them. Hanlon v. Commissioner of Motor Vehicles, 80 S.D. 316, 123 N.W.2d 136; Howe v. Commissioner of Motor Vehicles, 82 S.D. 496, 149 N.W.2d 324.

■ ■ Contrary to appellant's contention the requirement of the Implied Consent Law that a person must be "charged with a traffic violation" is not restricted to the offense of driving

while intoxicated. According to State v. Batterman, 79 S.D. 191, 110 N.W.2d 139, "the word 'charged' comprehends either a formal charge or the informal charge of an arresting officer" and it does not have to be a valid arrest, State v. Werlinger, 84 S.D. 282, 170 N.W.2d 470. Also the record does not show appellant was not permitted to exercise his right to have a physician of his own choosing administer a chemical analysis in addition to the one administered at the direction of the law enforcement officer. Either he or his attorney could have determined whether or not such physician was reasonably available and willing to make such test. This was not an obligation of the law enforcement officers.

Affirmed.