**William J. HOLLAND, Plaintiff,**

v.

**Albert M. PARKER, Commissioner of Motor Vehicles, State of South Dakota, Defendant.**

**Civ. No. 70-76C.**

United States District Court,
D. South Dakota,
Central Division.

Oct. 12, 1971.

**342**

Alan L. Austin, Austin, Hinderaker & Hackett, Watertown, S. D., for plaintiff.

A. H. Shuster, Asst. Atty. Gen., Pierre, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

In this action plaintiff seeks a preliminary and final injunction pursuant to 28 U.S.C.A. Secs. 2281, 1343(3) and 42 U.S.C.A. Sec. 1983 to prevent defendant, Commissioner of Motor Vehicles, from revoking plaintiff's driving permit pursuant to S.D.Code Sec. 44.0302-2 (Supp.1960) now S.D.Comp.Laws Ann. Secs. 32-23-10 to 32-23-17 (1967 and 1971 Supp.). Plaintiff also asks that a three-judge court as required by 28 U.S.C.A. Sec. 2281 decide the constitutionality of South Dakota's Implied Consent Law, S.D.Comp.Laws Ann. Secs. 32-23-10 to 32-23-17 (1967 and 1971 Supp.).

Both parties stipulated to the admission of the official record of the original trial and appellate record of this action in the South Dakota State Courts. Each party then submitted separate motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Due to reception by the Court of matters outside the pleadings, the motions are treated as ones for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The facts of this case have been clearly reported at Holland v. Parker, S.D., 176 N.W.2d 54 (1970). In addition plaintiff deems it relevant that he was charged with driving on the wrong side of the road by the investigating officer, who did not arrive upon the scene until one half hour after the accident.

Plaintiff contends first that he was not lawfully arrested since the alleged misdemeanor which he was charged with was not committed in the presence of the arresting officer as is required by S.D.Comp.Laws Ann. Secs. 32-2-8, 23-22-7(1) (1967) or arrested by a warrant pursuant to S.D.Comp.Laws Ann. Chp. 23-21 (1967). Secondly, he claims that S.D.Code Sec. 44.0202-2 (Supp.1960) now S.D.Comp.Laws Ann. Secs. 32-23-10 to 32-23-17 (1967 and 1971 Supp.) is unconstitutional as construed by the South Dakota Supreme Court. See Holland v. Parker, S.D., 176 N.W.2d 54 (1970); State v. Werlinger, S.D., 170 N.W.2d 470 (1969); State v. Batterman, 79 S.D. 191, 110 N.W.2d 139 (1961). The basis of this claim is that since the State Supreme

Court's construction of the word "charged" includes an unlawful arrest, plaintiff has been denied due process of law in violation of 42 U.S.C.A. Sec. 1983 and 28 U.S.C.A. Sec. 1343(3).

 Defendant contends that this court has no jurisdiction to grant an injunction to stay state court proceedings under 28 U.S.C.A. Sec. 2283, that the arrest of plaintiff was lawful, and that the South Dakota Implied Consent Law is constitutional as interpreted by the South Dakota Supreme Court.

28 U.S.C.A. Sec. 2283 provides that: A court of the United States may not grant an *injunction to stay proceedings in a State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. (emphasis added)

This is not an action to stay state court proceedings, but rather one seeking to enjoin enforcement of a state statute alleged to be unconstitutional, therefore, 28 U.S.C.A. Sec. 2281 applies rather than 28 U.S.C.A. Sec. 2283. Plaintiff asserts that Congress has given this court jurisdiction under 28 U.S.C.A. Sec. 1343(3) and 42 U.S.C.A. Sec. 1983. These sections are said to apply since the South Dakota Implied Consent Law is unconstitutional and plaintiff has thereby been deprived of due process of law. Since the right plaintiff asserts to be infringed is one of personal liberty, this court does have jurisdiction under the above sections of the United States Code. Hague v. C. I. O., 307 U. S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Kostohryz v. Hursh, 329 F. Supp. 319 (D.C.Minn.1971).

Plaintiff's request for a three-judge court to decide the constitutionality of South Dakota's Implied Consent Statute under 28 U.S.C.A. Sec. 2281 is denied since it presents an insubstantial question in that it is obviously without merit. To be an insubstantial question, the issues raised must be either (1) obviously without merit or (2) their unsoundness foreclosed by previous decisions.

Local U. No. 300, Amal. Meat Cutters & B. Work. v. McCulloch, 428 F.2d 396 (5th Cir. 1970); Young v. Ridley, 309 F.Supp. 1308 (D.C.D.C.1970); Carlough v. Finch, 309 F.Supp. 1025 (S.D.Fla. 1969); Harrell v. Board of Commissioners of District of Columbia, 269 F.Supp. 919 (D.C.D.C.1967). The case of Kesler v. Dept. of Public Safety of Utah, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962), rev'd on other grounds Perez v. Campbell, 402 U.S. 637, 91 S. Ct. 1704, 29 L.Ed.2d 233 (1971), which plaintiff relies on as authority for invoking a three-judge court, is distinguishable in that it involved a substantial question of constitutionality. The issue was whether the state's financial responsibility law was in conflict with the Federal Bankruptcy Act under the Supremacy Clause.

 Closer examination of plaintiff's claim points out its lack of merit. Due process requires that a law officer not be allowed to stop motorists indiscriminately and take them in for a blood alcohol test. Schutt v. MacDuff, 205 Misc. 43, 127 N.Y.S.2d 116 (1954), illustrates the need for some limitation upon an officer's right to require a blood alcohol test of a motorist. South Dakota has placed such a restriction upon its law officers in requiring that the motorist be charged with some traffic violation. S.D.Comp.Laws Ann. Sec. 32–23–10 (1967). The South Dakota Supreme Court has ruled several times that this statute is constitutionally sufficient in that the driver need only be charged formally or informally and an arrest is not necessary. See Holland v. Parker, S.D., 176 N.W.2d 54 (1970); State v. Werlinger, S.D., 170 N.W.2d 470 (1969); State v. Batterman, 79 S.D. 191, 110 N. W.2d 139 (1961). Thus the issue plaintiff raises has been foreclosed by previous decisions and shown to be without merit. There can be no doubt that the general public's interests in requiring reasonable conditions for a driver's permit overbalances any loss to plaintiff under the Implied Consent Law. Reitz v. Mealey, 314 U.S. 33, 36, 62 S.Ct. 24, 86

L.Ed. 21 (1941); Thornley v. Wyoming Highway Dept., Wyo., 478 P.2d 600 (1971), (both cases involved financial responsibility laws); Beare v. Smith, 82 S.D. 20, 140 N.W.2d 603, 606 (1966) (Implied Consent Law).

Since plaintiff has exhausted his state court remedies and no substantial constitutional question is presented, his motion for summary judgment is denied and defendant's motion for summary judgment is granted. Plaintiff's request for a three-judge court is denied since he has not raised a substantial constitutional question.