**William J. HOLLAND, Appellant,**

**v.**

**Albert M. PARKER, Commissioner of Motor Vehicles, State of South Dakota, Appellee.**

**No. 71–1728.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1972.

Decided Oct. 13, 1972.

Alan L. Austin, Watertown, S. D., Austin, Hinderaker & Hackett, Watertown, S. D., for appellant.

**1014**

A. S. Shuster, Asst. Atty. Gen., Pierre, S. D., for appellee; Gordon Mydland, Atty. Gen., on the brief.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The plaintiff, William J. Holland, has questioned the constitutionality of South Dakota's implied consent statute which provided:

" * * * Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood * * * for the purpose of determining the amount of alcohol in his blood * * * provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving under the influence of alcoholic liquor and that such person has been charged with a traffic violation. Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the provisions of §§ 32–23–11 and 32–23–12 in the event of such refusal with respect to the revocation of such person's driving permit." [1]

S.D.C.L. § 32–23–10 (1967).

The statute provides for a one-year suspension of the license of a driver who refuses to submit to a blood test. S.D.C.L. § 32–23–11 (1967).

Holland, a resident of South Dakota, was involved in a traffic accident in that state on August 3, 1968. Some thirty minutes after the accident, a police officer came on the scene and requested Holland to come to the police station to fill out accident reports. There, Holland was issued a traffic summons for driving on the wrong side of the road. Holland also was requested to take a blood test pursuant to the implied consent statute. According to the police officer, Holland refused the request. Holland was allowed to leave the station but, on August 30, a complaint was filed and a warrant for his arrest was issued for driving on the wrong side of the road.

On August 14, the Commissioner of Motor Vehicles revoked Holland's license for failing to submit to the blood test. This revocation was based on the written report of the investigating officer which stated in part:

"I, Herbert Mogard, certify that I am a law enforcement officer and that on the 3 day of August, 1968, I did arrest William Holland * * * for the offense of driving on the wrong side of road, a traffic violation, and having reason to believe that he was driving while under the influence of intoxicating liquor, I did request him to submit to a chemical test and analysis of his blood and did explain the Implied Consent Law to him in the presence of * * * [three police officers], and that after explaining the Implied Consent Law to the person arrested and requesting him to submit to a chemical test and analysis, said person did refuse to submit to such test and analysis."

Following revocation, Holland brought suit in the Circuit Court for Marshall County contesting the revocation. The

---

1. The implied consent statute has been amended and now provides:

" * * * Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood * * * for the purpose of determining the amount of alcohol in his blood * * * provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving under the influence of intoxicating liquor and:

"(1) That such person has been charged with a traffic violation, or

"(2) That such person was driving a motor vehicle which was involved in a traffic accident.

"Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the provisions of §§ 32–23–11 and 32–23–12 in the event of such refusal with respect to the revocation of such person's driving permit."

S.D.C.L. § 32–23–10 (1972 Supp.).

court denied relief. The Supreme Court of South Dakota affirmed the trial court. Holland v. Parker, 84 S.D. 691, 176 N.W.2d 54 (1970).

The plaintiff then brought this action in federal District Court seeking to have the implied consent statute declared unconstitutional and to have its enforcement enjoined because it could be invoked without the driver having been first lawfully arrested.[2] For this purpose, the plaintiff requested a three-judge court. The District Court rejected the request and granted summary judgment against the plaintiff, stating that the case presented an insubstantial question. Holland v. Parker, 332 F. Supp. 341 (D.C.S.D.1971).

The District Court rendered its decision on October 12, 1971. On October 21, 1971, before the entry of judgment, Holland sought to amend his complaint to allege that the implied consent statute was unconstitutional because it failed to provide for a hearing prior to revocation of the driver's license. The District Court denied the motion without stating any reason.

On appeal, we are restricted to determining whether or not the plaintiff has raised substantial constitutional questions concerning South Dakota's implied consent statute which would require the convening of a three-judge court. The Supreme Court has stated that a question may be plainly insubstantial because it is " 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' * * * ". Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933) (Citations omitted.)

We find that the plaintiff has raised a substantial constitutional question concerning South Dakota's implied consent statute which requires the convening of a three-judge court.

In Holland v. Parker, 84 S.D. 691, 176 N.W.2d 54 (1970), the court held that no lawful arrest was required under its implied consent statute. However, we believe it is not unreasonable for the plaintiff to argue that due process does require a lawful arrest as a precondition to application of the statute to protect the driver against arbitrary police conduct and to protect the driver's Fourth Amendment rights. The first implied consent statute, enacted in New York, was found unconstitutional in part because it did not contain an arrest requirement. Schutt v. Mac Duff, 205 Misc. 43, 127 N.Y.S.2d 116 (1954). Subsequently, that statute was amended to require arrest. The implied consent statutes of most states, as well as the Uniform Motor Vehicle Code § 6–205.1 (1968), contain arrest requirements. Note, Arrest Requirement for Administering Blood Tests, 1971 Duke L.J. 601, 605 (1971). Furthermore, there is a significant body of additional opinion which offers some support for the plaintiff's position.[3] Finally, we note that

2. The plaintiff has also asserted that, in fact, he was not lawfully arrested at the time of invocation of the implied consent statute. The Circuit Court of Marshall County held that the plaintiff had been arrested but did not state whether the arrest was lawful. Neither the Supreme Court of South Dakota nor the federal District Court reached this issue because they believed a lawful arrest to be unnecessary.

3. See, State v. Cruz, 21 Utah 2d 406, 446 P.2d 307, 308 (1968); State v. Towry, 26 Conn.Sup. 35, 210 A.2d 455 (1965); Karabian, California's Implied Consent Statute: An Examination and Evalua-

tion, 1 Loyola Univ.L.Rev. 23 (1968); Little, Challenges to Humanitarian Legal Approaches for Eliminating the Hazards of Drunk Alcoholic Drivers, 4 Ga.L.Rev. 251, 272–273 (1970); Note, Arrest Requirement for Administering Blood Tests, 1971 Duke L.J. 601, 605 (1971); Comment, Florida's "Implied Consent" Statute; Chemical Tests for Intoxicated Drivers, 22 Univ. of Miami L.Rev. 698, 702, 708 (1968); Note, Motor Vehicles— Intoxicated Operator—Georgia's Implied Consent Statute, 20 Mercer L.Rev. 489, 492 (1969); Note, Virginia's Implied Consent Statute: A Survey and Appraisal, 49 Va.L.Rev. 386, 391 (1963). Cf., People v. Superior Court of Kern

**1016**

invocation of the implied consent statute does affect important interests of the driver. Compare, Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Schmerber v. California, 384 U.S. 757, 770, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

On remand, the plaintiff should have the opportunity to amend his complaint to argue that the statute is unconstitutional because it fails to provide for a hearing prior to revocation of a license. While this argument has been rejected by some courts, Craig v. Commonwealth Dept. of Public Safety, 471 S.W.2d 11 (Ky.1971); Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971) (en banc), we cannot say it is without merit. See, Bell v. Burson, *supra*; Reese v. Kassab, 334 F.Supp. 744 (W.D.Pa.1971). Moreover, this argument is inextricably linked to the basic question raised by the plaintiff—whether the implied consent statute fails to protect the driver against the arbitrary revocation of his license.

Reversed and remanded.

County, 6 Cal.3d 757, 100 Cal.Rptr. 281, 286, 493 P.2d 1145, 1150 (1972) (en banc); State v. Kroening, 274 Wis. 266, 79 N.W.2d 810, 80 N.W.2d 816 (Wis. 1957); Recent Development, Destruction of Evidence—A Rationale for Blood Tests Without Arrest, 18 Stan.L.Rev. 243 (1965). See also, Note, Constitutional Limitations on the Taking of Body Evidence, 78 Yale L.J. 1074, 1087–1088 (1969).