**Jack W. SNODGRESS, Appellant,**

**v.**

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 46781.**

Supreme Court of Oklahoma.

June 1, 1976.

Jerry Dick, Merson, Campbell & Dick, Oklahoma City, for appellant.

Stephen G. Fabian, Jr., Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

SIMMS, Justice.

Appellant, Jack Snodgress, brings this appeal to challenge a judgment of the district court that sustained an order of the Commissioner of the Department of Public Safety which revoked his drivers license for a period of six months. The finding that formed the basis of the revocation and the district court judgment that sustained it, was that Snodgress refused to submit to chemical testing for sobriety as required by the Implied Consent Law, 47 O.S.1971, §§ 751, et seq.

Snodgress contends that while he did refuse to take the breath test, he did not refuse to submit to a blood test and that the district court erred in finding that he did so refuse. This appeal is before us after the second trial of the cause. At the first trial the district court sustained the Department of Public Safety's demurrer to the evidence. That judgment was subsequently reversed by the Court of Appeals and the cause remanded for the trial which is now the subject of this appeal.

In support of his position, Snodgress presents a single proposition of error. The essence of this proposition is that the evidence presented was insufficient to show

that he refused to submit to a blood test.[1] For the sake of ·clarity we will give separate attention to Snodgress' additional contentions that: The arresting officers testimony was untruthful and therefore should not have been considered by the trial court; and, that the events that transpired relative to Snodgress' request for a doctor of his choice to perform the blood test, denied him due process of law as set forth by *Starrett v. Midwest City*, Okl.Cr., 374 P.2d 777 (1962).

The relevant facts are these. Snodgress was arrested by Officer Kenneth Uffen for Driving Under the Influence of Alcohol on March, 14, 1971, in Oklahoma City. Officer Uffen took Snodgress to the Oklahoma City jail where he was placed in the "breathalyzer room." There the officer read to Snodgress from a chart posted on the wall which outlined the rights of a person arrested for driving under the influence. The officer advised him that he was requested to submit to a breath or blood test for sobriety which would be administered by a qualified person. Snodgress was told that he could refuse both tests, but that such a refusal would result in loss of his driving privileges for six months. Officer Uffen's testimony was that he also advised Mr. Snodgress that he had the right to have an additional blood test performed by a doctor or qualified person of his choice, but Snodgress denied[2] that he was advised of this fact.

Both witnesses agreed that after being advised of his rights, Snodgress asked to call his attorney and the officers allowed him to do so.

Testimony concerning the events that followed this phone call is somewhat conflicting. Snodgress testified that he advised Officer Uffen and another officer that, upon his attorney's advice, he would take the blood test if his doctor were present. He stated that the officers asked him the identity of his doctor and that he gave them the names of several doctors who practiced together and indicated that any of them would be all right. Snodgress testified further that the officers did not offer to let him call the doctors and· they did not offer to call for him, further that to his knowledge they did not call the doctors. He said that the officers again asked him about the breathalyzer test, and that he told them that he thought he should follow the advice of his attorney. On cross-examination, Snodgress testified as follows:

"Q. Did you ever say that you would not take the blood test on advice of your lawyer unless your doctor was present?

A. Yes.

Q. Did Officer Huffin (sic) ever ask you to give a direct simple yes or no answer to 'Will you take the blood test?'

A. I believe he did.

Q. And what was your reply?

A. The same as I replied before.

Q. Did you reply 'no'?

A. I said that I would take the blood test if my physician was present.

Q. But you never gave a direct 'no' answer to that?

A. That's right."

Officer Uffen testified that after talking with his attorney Snodgress stated that he would take a blood test if it was administered by a doctor of his choosing. Uffen testified that he then tried to explain again to Snodgress that while he did have a right under the law to an additional blood test, he would have to first submit to testing by a doctor or other qualified person of the state's choice so that the state could obtain

---

1. The question of refusal of chemical testing was the only issue tried by the parties. It was agreed through stipulation of counsel that the arresting officer had reasonable grounds to believe that Snodgress was operating a motor vehicle upon the public streets while under the influence of alcohol, and that the officer did arrest Snodgress.

2. By agreement Snodgress' testimony at the first trial was used as his testimony at this trial.

a sample of his blood for the state chemist.[3] Officer Uffen recalled that Snodgress seemed confused by this, and thought it over for a few minutes, and then when told he must make a decision, Snodgress stated that upon the advice of his lawyer he would "refuse all tests."

Title 47, O.S.1971, § 753 provides in pertinent part, that:

"If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six (6) months; . . ., subject to review as hereinafter provided. The revocation or denial shall become effective thirty (30) days after giving written notice thereof in accordance with Section 2–116 of Title 47, Oklahoma Statutes."

■ Under this statute a qualified refusal or conditional consent is a refusal. As stated by the Court in *Robertson v.*

*State, ex rel., Lester,* Okl., 501 P.2d 1099 (1972):

"The decision to submit to a chemical test is not one which requires debate, consultation, or negotiation, but calls for a simple yes or no to the request for submission. Because of the rapidity with which the passage of time and the physiological processes tend to eliminate alcohol ingested by the body, and because of the remedial intent of the statute anything less than an unqualified consent by the licensee to the requested test constitutes a refusal to do so."

■ When a licensee's consent to a blood test for sobriety is qualified by the condition that the test be administered by the physician of licensee's choice, such qualified consent is a refusal. *State, ex rel., Dept. of Public Safety v. Lance,* Okl., 542 P.2d 506 (1975).

■ We are, therefore, of the opinion that Snodgress' testimony alone was sufficient to establish his refusal to submit to chemical tests upon proper request by law enforcement officer. Accordingly, the asserted differences in the testimony given by Snodgress and Officer Uffen as to whether Snodgress did or did not definitely state that he refused all tests or whether his statement was that he would consent to a blood test if his doctor were present, does not present a difference of legal significance. For this reason, Snodgress'

---

3. 47 O.S.1971, § 752 provides that: "Only a licensed medical doctor, osteopathic physician, qualified technician, technologist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of breath specimens. The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer, providing the specimen for testing is obtained at the same time as or is an aliquot of that obtained by the law enforcement officer, and provided further, that said aliquot specimen may be delivered to any person qualified to analyze such speci-

mens as the subject may designate, and provided further that such subject makes arrangements for delivery thereof, in order for any evidence under this act to be admissible. The failure or inability to obtain an additional test by a person shall not preclude the admission of the test or tests taken at the direction of a law enforcement officer. The blood specimen shall be tested to determine the alcoholic content therein, and also for the presence of any other substances which might have influenced the behavior of the subject if he so requests. A written report of the results including full information concerning the test or tests taken at the direction of the law enforcement officer shall be made available to the subject. The results of the test or tests as provided for herein shall not be admissible in civil actions."

complaints concerning the veracity of Officer Uffen's testimony are not material in the determination of this issue. Snodgress' contention is that at the Department of Public Safety hearing, Officer Uffen's testimony, as reflected by summary in the brief on the first appeal of the cause, was that Snodgress gave a qualified, not absolute, refusal. It is clear from the above authorities that a consent dependent upon the presence of his doctor was a refusal under the statute. Further, the trial court was the trier of facts and it was within his province to determine the credibility of the witnesses and to decide the effect and weight to be given their testimony, and these are not questions of law for the Supreme Court on appeal. *Clark v. Addison,* Okl., 311 P.2d 256 (1957) ; *Central Plastics Co. v. Goodson,* Okl., 537 P.2d 330 (1975).

While Snodgress' due process argument is vague, the thrust of his contention is that the officer somehow did not do enough to obtain his physician's presence. The evidence is conflicting. Officer Uffen testified that Snodgress did not mention the identity of his doctor while Snodgress testified that he stated the identity of a group of doctors who were acceptable to him. Standing alone, Snodgress' testimony does not reveal any refusal on the part of the police officers to allow Snodgress to call his doctor. He testified merely that they did not offer him the opportunity to call or offer to call for him, and that to his knowledge they did not call his doctor. His testimony does not show that he ever requested to call his doctor.

■ Snodgress did request permission to call his attorney and consult with him and about taking the tests requested by the officers. While Snodgress had no right to consult with counsel before refusing or submitting to the tests, *(Robertson v. State, ex rel. Lester, supra,)* the officers did permit him to make the call.

■ We are of the opinion that Snodgress and his attorney bore the burden of obtaining the presence of a doctor or other qualified person to administer an additional blood test if he so desired. As stated by the Court in *Holland v. Parker,* 84 S.D. 691, 176 N.W.2d 54 (1970) :

> "[T]he record does not show appellant was not permitted to exercise his right to have a physician of his own choosing administer a chemical analysis in addition to the one administered at the direction of the law enforcement officer. Either he or his attorney could have determined whether or not such physician was reasonably available and willing to make such test. This was not an obligation of the law enforcement officers."

*Starrett v. Midwest City, supra,* relied on by appellant, is a minority opinion of the Court of Criminal Appeals by Judge Nix, involving questions of suppression of evidence which resulted from the refusal of police to allow defendant, who was arrested on a municipal charge of being drunk in a public place, to use the telephone to call her doctor so that she could procure a blood test to be used in her defense of the charge. That decision has no relevance to any issue raised in this implied consent appeal.

The trial court was justified in finding that a preponderance of the evidence showed that appellant, Jack Snodgress, refused to submit to chemical testing for sobriety as required by the implied consent law.

The judgment of the trial court sustaining the revocation is affirmed.

All the Justices concur.